(No. 36699—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR WITHERSPOON, Plaintiff in Error.

*Opinion filed May 27, 1963.—Rehearing denied September 26, 1963.*

DAVID G. ELMORE, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, Arthur Witherspoon, was found guilty of the unlawful sale of narcotic drugs in a bench trial in the criminal court of Cook County. He was sentenced to the penitentiary for a term of not less than 10 nor more than 18 years.

Howard Alford, a Federal narcotics agent, accompanied by Stonewall Jackson, a police informer, went to the apartment of Janice Delahoussaye on Chicago's south side on April 27, 1959, and arranged a purchase of narcotics for the following day. They returned the next evening and defendant was there. Alford gave the woman $180, and she, Jackson and the defendant went into another room. Defendant then left the apartment and when he returned the three again went out of the room. The woman returned with a tinfoil package and gave it to Alford. The testimony of Delahoussaye and Jackson shows that defendant left the apartment with some of the money to buy heroin and returned with the package that did contain heroin. A confession introduced in evidence shows that defendant took the money from the woman, bought heroin, gave it to her and she in turn gave it to Alford.

Defendant testified that he was present at the apartment of Janice Delahoussaye on the evening of April 28 but denied that he was in any way involved with narcotics. He said Alford and Jackson asked him if he could get narcotics and he said he did not "fool around with it." Defendant stated that he left the apartment and that he did not return.

He first argues that his confession should not have been admitted in evidence because the prosecutor said he would not use the confession, and because he was denied the right to a hearing on his motion to suppress the confession before trial as provided by statute. (Ill. Rev. Stat. 1957, chap. 38, par. 736.1.) The record shows that when the trial began, defendant's attorney announced he had a motion to suppress the confession if the People intended to use it. The prosecutor said "I won't use it," and defendant's attorney said "I will just file the motion." After the prosecutor had presented his witnesses, he stated that he was going to introduce the confession. Defendant's attorney first objected but then stated "very well," as soon as the court said "of course, I will give you an opportunity to be heard on the motion to suppress." A hearing on the motion was held and both sides presented all their evidence on the voluntary nature of the confession. The objections now raised were not advanced in the trial court, and the hearing on the motion to suppress at the time the confession was offered into evidence was proper. Ill. Rev. Stat. 1957, chap. 38, par. 736.1.

Defendant then argues that the trial court erred in holding that the confession was voluntary. Agents Schnettler and Doll, who were the only officers present when the statement was taken, testified that Doll typed the questions and answers while Schnettler asked them. They first advised defendant that he need make no statement and that he was entitled to counsel. When it was finished, they handed it to the defendant to read. Then Schnettler read

the statement aloud and defendant signed it. They each said that no one struck, beat, or otherwise coerced defendant and that no promises or inducements were made. Defendant testified that he had been struck in the ribs with the barrel of a gun eight or ten times; that he was told he would get three or four thousand dollars if he cooperated with the apprehension of other sellers of narcotics; that if he did not co-operate, he would get 15 or 20 years in prison; that he could not read; and that he signed only a blank sheet of paper and not a statement. At the conclusion of the hearing, the court admitted the statement.

Upon preliminary inquiry into the voluntary nature of a confession the decision of the trial court will not be disturbed unless it is against the manifest weight of the evidence. (*People* v. *Miller,* 13 Ill.2d 84.) The trial court chose to believe the testimony of the Federal agents rather than that of defendant and we see no reason for disturbing this ruling.

It is then argued that there was a material variance between the indictment which charged a sale to agent Alford, and the evidence which showed a sale to Janice Delahoussaye. The prosecution's evidence shows that defendant knew the narcotics were for Alford and that the money came from him. The circuity of the transfer of money and narcotics cannot alter the substance of the transaction. There was sufficient evidence to establish a sale by defendant to Alford. *People* v. *Alexander,* 21 Ill.2d 347; *People* v. *Mann,* 27 Ill.2d 135.

Finally, defendant argues that the evidence was insufficient to prove his guilt beyond a reasonable doubt. It is true that Jackson had been confined in the penitentiary on a narcotics charge and was a police informer and Delahoussaye was arrested as an accomplice of defendant. Their testimony was corroborated, however, by that of agent Alford and defendant's confession. The failure to search

Jackson or Delahoussaye or to use marked money does not make the proof inadequate but merely goes to the weight of the evidence. (*People* v. *Clay*, 27 Ill.2d 27; *People* v. *Guido*, 25 Ill.2d 204.) The trial judge believed the evidence offered for the prosecution and we find no reason for disturbing his finding of guilty.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*