(No. 42163.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LORENZO BLISS, Appellant.

*Opinion filed January 28, 1970.*

WARD, J., took no part.

TIMOTHY J. RIORDAN, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

Petitioner, Lorenzo Bliss, was found guilty of the charge of unlawfully selling a narcotic drug in a jury trial in the criminal court of Cook County on August 26, 1964, and sentenced to the penitentiary for a term of 10 to 15 years. The conviction was affirmed by the Appellate Court for the First District. (*People* v. *Bliss,* 76 Ill. App. 2d 232.) This court denied leave to appeal.

On October 19, 1967, Bliss filed his *pro se* petition under the Post-Conviction Hearing Act alleging substantial denial of his constitutional rights in the original proceedings leading to his conviction. The State filed a motion to dismiss, after which counsel was appointed to represent defendant and an amended petition with supporting affidavits was filed. In reply, the State filed an answer which substantially denied the allegations of the petition, asserted that no constitutional issues were raised, and advanced the defenses of waiver and *res judicata.* On January 8, 1969, the trial court, after extensive arguments of counsel, dismissed the petition. On this appeal defendant contends that the petition and affidavits were sufficient to raise substantial constitutional questions and that the trial court erred in dismissing the petition without conducting a full hearing on the merits.

Defendant's petition alleged that his constitutional rights of due process were infringed by the State by concealing from him the true identity of an informer-witness until the time of trial, thus depriving him of an opportunity to prepare properly for his defense. It is undisputed that one of the principal witnesses against defendant was an informer

whose name had been given to defendant prior to trial as James Wilson. On cross-examination Wilson admitted that, though he had gone by the name of Wilson for about two years, his real name was Patrick Judge. It also developed from the testimony of both Wilson and the defendant that they had known each other for many years, in fact since childhood, but defendant stated that he had never known the informer by any name other than Patrick Judge. An arrest record of the informer which was attached to the petition as an exhibit shows only the name Patrick Judge over a period of some 15 years.

Defendant contends that had he known in advance that the man who would testify again him was this old acquaintance, Judge, he might have produced evidence to counter the informer's testimony. As illustrative, he says, of the type of evidence he might have been able to present, he has attached to his petition the affidavit of his counsel which incorporates the statement of Lamenza Harris, then an inmate of the penitentiary, which was given on or about May 5, 1966. In this statement Harris says that he knows both Bliss and Judge, that both are acquainted with him, and that on June 14, 1963, (the date of the offense) he met with and talked to the informer-witness on the street in the general area where the alleged sale was made. It should be observed that Harris does not say that there was any conversation about narcotics or that he was involved in a sale to Judge. It certainly does not constitute an exculpation of the defendant of the offense charged. At best it is an attempt to relitigate the question of guilt by injecting grounds for doubt. The question of guilt or innocence of petitioner is never properly before the court in a post-conviction proceeding. The inquiry is limited to constitutional issues not previously adjudicated. *People v. Dale,* 406 Ill. 238, 245.

The trial court resolved the issue of alleged concealment of the informer's identity by recourse to the record of pro-

ceedings of the original trial. This was proper. Upon a motion to dismiss a post-conviction petition the trial judge may render a decision on the basis of the contents of the pleadings read in conjunction with the trial transcript. (*People v. Slicker*, 42 Ill.2d 307, 308.) At the trial, after hearing the testimony of the informer and the officers, defendant testified that he recalled the event that Wilson (or Judge) had testified to; that he recalled meeting the witness at the place specified by him and about the time he indicated, relating that the informer was with another he later learned was a police officer. Defendant then detailed the movements of himself and Wilson in such a way that there was practically no difference in their testimony, the only difference being that defendant denied the delivery and sale of the drug to the informer. Defendant clearly recalled their trip together in defendant's automobile as described by Wilson, including the direction taken, distance traveled, area visited and their ultimate return to the neighborhood where the officers were waiting for Wilson. It appears, therefore, that there was no element of surprise on defendant's part in his confrontation with the informer at the trial. He distinctly remembered his contact with him at the time and place in question and was able to given an explanation of their movements consistent with his innocence. In view of his trial testimony, defendant's suggestion that Lamenza Harris contacted the informer at about the same time and place is colorless and has little meaning.

With the record in mind, defendant's present contention that the true identity of the informer was concealed from him is, to say the least, unreasonable. Whether defendant knew him by the name of Wilson or by Judge is immaterial. He knew the man and remembered the incident so clearly that it is difficult to see how he was prejudiced because the man he had always known as Judge was sometimes called Wilson. Since he knew the true identity of the informer, by

whatever name, it cannot be said that there was a concealment.

Defendant has cited *Roviaro* v. *United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623, and *People* v. *Williams,* 40 Ill.2d 367, in support of his position. Neither case involves facts even remotely similar to those present here. In *Roviaro* prejudicial error was found in permitting the government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure prior to trial where the informer was the only participant with the accused in the transaction charged and was not offered as a witness or made available at the trial. Similarly in Williams, this court reversed a conviction where an informer who was an eyewitness to the sale, and thus material, was sent out of the State by the prosecution and not produced as a witness at the trial. While both of these cases disclose a violation of the right of due process because of deliberate concealment followed by failure to produce the witness at trial, they have no application in a situation where trial confrontation and the opportunity for cross-examination is afforded under circumstances which show that defendant was aware of the identity of his accuser and had a clear recollection of the transaction in which he was charged with having committed the offense.

Defendant also alleged a violation of his constitutional rights because the warrant for his arrest did not contain his true name or description and was based upon a falsely sworn affidavit. The warrant upon which defendant was arrested was issued for "Lorenzo Harris". The affidavit of the police officer charging the offense alleged a sale to the officer rather than to the informer. It is said that because the affidavit charges a sale to the officer it is falsely sworn. This court has held, however, that where the supplier knows that narcotics are being purchased on behalf of a third person he may be charged with the sale to the third person whether or not he had actual contact with or other knowl-

edge of the ultimate receiver. (*People* v. *Witherspoon,* 28 Ill.2d 290, 293; *People* v. *Mann,* 27 Ill.2d 135, 138.) The circuity of the transfer of money and narcotics cannot alter the substance of the transaction.

The fact that defendant was arrested on a warrant issued in the name of another raises no valid constitutional issue in this proceeding even though it be assumed that the arrest was originally unlawful. The general rule is that if a defendant is physically present before the court on an accusatory pleading, either because held in custody after arrest or because he has appeared in person after giving bail, the invalidity of the original arrest is immaterial, even though seasonably raised, as far as the jurisdiction of the court to proceed with the case is concerned. (5 Am. Jur. 2d 796; 21 Am. Jur. 2d 401.) Due process of law is satisfied when one present in court is convicted of crime after having been fairly apprised of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. Accordingly it is held that the power of a court to try a person for crime is not impaired by the fact that he has been brought within the court's jurisdiction by reason of a forcible abduction. (*Frisbie* v. *Collins,* 342 U.S. 519, 522, 96 L. Ed. 541, 72 S. Ct. 509; *Ker* v. *Illinois,* 119 U.S. 436, 444, 30 L. Ed. 421.) In the *Frisbie* case the Supreme Court stated that there is nothing in the constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.

It is also claimed that defendant was denied the right to effective assistance of counsel; specifically that his attorney should have made a motion to exclude the testimony of the informer and that objection should have been made to the admission into evidence of an illegally obtained incriminating statement. Defendant was represented by counsel of his own choice. In that situation alleged incompetency of counsel presents no constitutional question for considera-

tion in a post-conviction proceeding unless representation is of such low calibre as to amount to no representation at all or reduces the court proceedings to a farce or a sham, in which case defendant is denied a fair trial as contemplated by the due process requirements of the Federal and State constitutions. (*People* v. *Sommerville*, 42 Ill.2d 1, 5.) In *Sommerville*, at p. 5, we said: "Incompetency of that magnitude is not established, however, where retained counsel fails to object to inadmissible evidence. (*People* v. *Underhill*, 38 Ill.2d 245, 254), or fails to move to suppress certain evidence and makes other errors of judgment or trial strategy. (*People* v. *Washington*, 41 Ill.2d 16, 21; *People* v. *Green*, 36 Ill.2d 349, 351; *People* v. *Palmer*, 27 Ill.2d 311, 314; *People* v. *Hall*, 413 Ill. 615.) Incompetency tantamount to 'no representation' has been found from the totality of counsel's conduct at the trial. (*People* v. *De Simone*, 9 Ill.2d 522, 531.)" In any event the question whether a defendant was adequately represented by competent counsel must be answered solely from the circumstances of each particular case. (*People* v. *Georgev*, 38 Ill.2d 165, 169; *People* v. *Francis*, 356 Ill. 74, 77.) Before a conclusion of inadequate representation can be reached defendant must demonstrate the actual incompetence of counsel as reflected by the manner of carrying out his duties as a trial attorney and it must further appear that substantial prejudice results therefrom, without which the outcome would probably have been different. *People* v. *Georgev*, 38 Ill.2d 165, 169; *People* v. *Dean*, 31 Ill.2d 214, 218.

As to the contention that counsel should have objected to the testimony of the informer, defendant suggests that the basis for such an objection would have been section 114—9(b) of the Code of Criminal Procedure. (Ill. Rev. Stat. 1967, ch. 38, par. 114—9(b).) This section provides that the court may permit witnesses not named in the original or amended list of witnesses to testify when the names of the additional witnesses were not known and could not

have been obtained by the exercise of due diligence prior to trial. From what has already been said earlier in this opinion it must appear that an objection based on the aforesaid statute would have been without merit. The name of the witness had in fact been given to the defendant but it happened not to be the name by which he had known the individual in question. Moreover, this court has held that the trial court has discretion to permit witnesses to testify whose names are not included in a list furnished prior to trial and the exercise of that discretion will not be disturbed unless it appears that the defendant was taken by surprise, and the burden of showing this on the defendant. (*People* v. *Clay*, 38 Ill.2d 17, 22.) In *Clay* we held that permitting a co-defendant who was granted a severance the morning the trial started to testify for the people was not prejudicial where the court offered to recess the trial to permit defendant's counsel to talk to the witness and the offer was refused. Under the rule announced in *Clay*, the most which could have been expected had an objection to Wilson's testimony been interposed would have been an offer of a recess with an opportunity to examine the witness. The futility of this procedure must be apparent when we remember, as already observed, that we are dealing with a situation in which defendant, by his own testimony, is fully aware of his transaction with the witness. In other words, the record completely refutes the idea that defendant was taken by surprise by Wilson's testimony. He was not prejudiced by counsel's failure to object and it cannot be said that counsel was derelict in his duty in failing to make the objection.

As to failure to object to the alleged incriminating admission, the record shows that while defendant was in police custody after his arrest and in the absence of counsel which he says he requested, defendant stated in a conversation with a police officer that he had not sold a $70 package to any police officer or anybody; that he had sold narcotics but had never sold a $70 package. Under the circumstances re-

vealed in the record we cannot say that defendant was prejudiced by testimony relative to this statement or that his counsel should have objected to its admission. On cross-examination defendant freely admitted his prior involvement with narcotics, including the statement that the informer had, more than two years before when defendant was using "stuff", sought his aid in getting some. Thus defendant's testimony given at the trial is substantially the same as that contained in the alleged prejudicial statement. He admits his involvement in the narcotics traffic but denies commission of the particular offense. In the context of this case, as suggested by counsel for the People, a failure to object to the admission of the statement might well represent a tactical decision in the interest of candor and consistency. Assuming that counsel adverted to the question and decided as a matter of strategy not to object, the most that can be said is that he was guilty of an error in judgment which, as previously noted, is not a sufficient basis for a finding of incompetency. Certainly it cannot be said that a failure to object to the admission of this statement resulted in substantial prejudice without which the outcome would probably have been different.

In conclusion, we find that the order of the trial court dismissing the petition without evidentiary hearing is consistent with the pleadings, supporting affidavits and the record. No constitutional question was raised and the judgment should be affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.