(No. 42831.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* PAUL RIOJAS, Appellant.

*Opinion filed November 18, 1970.*

Ward, J., took no part.

Gerald W. Getty, Public Defender, of Chicago, (Harold A. Cowen, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Nicholas A. DeJohn, (Senior law Student) Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Kluczynski delivered the opinion of the court:

On this appeal from the circuit court of Cook County defendant, Paul Riojas, complains that his petition filed pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 et seq.) was improperly dismissed.

On November 1, 1965, after a plea of guilty to the crime of voluntary manslaughter, Riojas was sentenced to three years probation. No appeal was taken from this conviction. In a bench trial on December 19, 1967 defendant was convicted of the crimes of battery and theft. These offenses were treated as violations of probation and defendant was

sentenced to a term of not less than one nor more than ten years in the penitentiary. The conviction was appealed and affirmed by the appellate court. 126 Ill. App. 2d 153.

In May, 1969, defendant filed the post-conviction petition prepared by the public defender alleging that he did not understand the law involved in his original conviction; that he was deprived of effective assistance of counsel; and that he had not been notified of his right to appeal.

The State moved to dismiss on the grounds that defendant failed to raise any constitutional issues, and that the allegations were based on the record and not on facts *dehors* the record. The trial court dismissed the petition.

Defendant contends that his plea of guilty was not voluntarily and understandingly made. Section 2 of the Post-Conviction Hearing Act, in pertinent part, reads as follows: "The petition shall * * * clearly set forth the respects in which petitioner's constitutional rights were violated. The petition shall have attached thereto affidavits, records, or other evidence suporting its allegations or shall state why the same are not attached." (Ill. Rev. Stat. 1965, ch. 38, par. 122—2.) There were no affidavits or other evidence filed in support of defendant's allegations. In addition, the trial record submitted in the post-conviction proceeding and now before this court belies this allegation. Defendant was admonished by the trial judge as to the legal consequences of his plea and as to the maximum penalty for the crime. There is nothing in the record to suggest confusion or lack of understanding on the part of the defendant.

Defendant next argues that he was denied effective counsel because a claim of self-defense was not asserted at trial and because an appeal was not taken. In *People* v. *Bliss*, 44 Ill.2d 363, as here defendant was represented by privately retained counsel. The court found: "In that situation [representation by private counsel] alleged incompetency of counsel presents no constitutional question for consideration in a post-conviction proceeding unless representation is of such

low calibre as to amount to no representation at all or reduces the court proceedings to a farce or a sham, in which case defendant is denied a fair trial as contemplated by the due process requirements of the Federal and State constitutions." 44 Ill.2d at 369-70. The record indicates that defendant was originally indicted for murder, that defendant and his counsel were aware of the claim of self-defense, and that the defendant knowingly pleaded guilty to a lesser offense to avoid the possibility of a severe sentence upon a conviction for murder or voluntary manslaughter.

Finally, we cannot require that all convictions be appealed. It is within the sound discretion of defense counsel to determine whether there is an appealable issue. We have no reason to say that the decision in this case was improper. There is no indication in the record before this court that counsel lacked competency in recommending a plea of guilty or in not prosecuting an appeal.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.