(No. 43787.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. HERSCHEL FLANIGAN, Appellant.

*Opinion filed September 30, 1971.*

WARD, J., took no part.

WILLIAM M. SKRETNY, of Chicago, appointed by the court, (JAMES G. PIPER, Certified Law Student, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and MICHAEL J. GOLDSTEIN, Assistant State's Attorneys, of counsel,) for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant Herschel Flanigan was indicted for murder in connection with the February 17, 1964, stabbing of Roosevelt Poindexter. On May 11, 1964, represented by retained counsel, defendant pleaded guilty in the circuit court of Cook County to the reduced charge of voluntary manslaughter, and was sentenced to a term of 5 to 15 years imprisonment. He was thereafter paroled, and arrested and indicted on a charge arising from alleged misconduct while on parole. During the pendency of that indictment in 1970, defendant filed his post-conviction petition, and this appeal is from the dismissal, without an evidentiary hearing, of that petition.

Defendant's petition includes numerous affidavits of purported witnesses to the stabbing, as well as persons who claim to have heard witnessess' accounts relating to the incident. The affidavits are offered to show that defendant's retained counsel at the trial level failed to adequately investigate and prepare for a plea of not guilty by reason of self-defense. It is contended that due to counsel's failure to investigate, defendant was forced to choose between pleading guilty to a reduced charge, or standing trial for murder without an adequately prepared defense. Thus, defendant claims that his plea of guilty did not represent a voluntary and intelligent decision based upon "the good faith evaluations of a reasonably competent attorney" making his "best judgment as to the weight of the State's case." *(McMann v. Richardson,, 397 U.S. 759, 769-70, 25*

*L.Ed.2d 763, 90 S.Ct. 1441, 1448.)* In our judgment, the petition was properly dismissed.

The alleged incompetence of retained counsel "presents no constitutional question for consideration in a post-conviction proceeding unless representation is of such low calibre as to amount to no representation at all or reduce the court proceedings to a farce or sham \*\*\*." *(People v. Riojas, 47 Ill.2d 47, 49-50; People v. Bliss, 44 Ill. 2d 363, 369-70.)* Even accepting the supported allegations of defendant's petition as true, we do not find that counsel's advice to plead guilty to a lesser charge was so utterly improvident as to constitute no representation at all. (See *People v. Riojas, 47 Ill.2d 47; People v. Covington, 45 Ill.2d 105; People v. Granberry, 45 Ill.2d 11;* see generally *Brady v. United States, 397 U.S. 742, 25 L.Ed.2d 747, 90 S.Ct. 1463; McMann v. Richardson, 397 U.S. 759, 25 L.Ed.2d 763, 90 S.Ct. 1441; Parker v. North Carolina, 397 U.S. 790, 25 L.Ed.2d 785, 90 S.Ct. 1458.)* Moreover, the transcript of the plea proceedings belies defendant's belatedly avowed dissatisfaction with the representation afforded by his retained counsel. Following what defendant concedes was full admonishment by the court, the following exchange occurred:

"THE COURT: Knowing the punishment provided by law you still wish to plead guilty to the offense of voluntary manslaughter as your lawyer had indicated?

THE DEFENDANT: Yes.

THE COURT: You are doing this voluntarily, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with the representation you received from your attorney in this case?

THE DEFENDANT: Yes."

The decision to plead guilty was defendant's; he was

aware of the basis for a claim of self-defense, and knew that relying on such a defense would entail some risk of conviction for murder. Faced with this situation, defendant chose to plead guilty to a lesser offense, and he must abide by the choice.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.