THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MACK PITTMAN, Defendant-Appellant.

(No. 56749;

First District—October 4, 1972.

James F. Slager, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Michael T. Solovey, and James R. Truschke, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This appeal was transferred to this court by the Supreme Court. The petitioner, Mack Pittman, appeals from an order of the Circuit Court of Cook County dismissing his post-conviction petition.

The petitioner was indicted for the crime of murder. On May 18, 1965, Pittman pleaded guilty and was sentenced by the trial court to a term of not less than 15 years nor more than 30 years in the Illinois State Penitentiary.

In March, 1966, pursuant to the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, Ch. 38, sec. 122), the petitioner filed a *pro se* post-conviction petition in which he alleged a substantial denial of his constitutional rights by the trial court. The petitioner alleges in the post-conviction petition that his plea of guilty was given only after coercion, collusion and intimidation. A further allegation by the petitioner is that he was represented by incompetent counsel at the trial level. No affidavits in support of either of these allegations were attached to the post-conviction petition.

Following appointment of counsel for the petitioner, the trial court held a hearing at which the State moved to dismiss the petition filed by Pittman for failure to raise any constitutional questions within the purview of the Illinois Post-Conviction Hearing Act, and for failure to substantiate any of the claims presented in the petition. The trial court sustained the State's motion to dismiss the petition. This appeal arises from that dismissal.

The first issue the petitioner presents for review is whether the trial court denied the petitioner due process of law by allowing him to plead guilty before concluding a proper hearing to determine whether his plea was voluntary and intelligently made. The petitioner contends the hearing at which his guilty plea was accepted by the trial court was insufficient for the court to determine the plea was both voluntary and intelligently made. The basis for the petitioner's contention is his assertion that the trial court failed to ask a single question in assuring itself the petitioner had full understanding of what his plea meant and realized its full consequences.

■■ We do not accept the petitioner's contention that he was denied due process of law as valid. To satisfy an intelligent and voluntary waiver to one's constitutional right to due process of law, a court must use the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has full understanding of what the plea connotes and its full consequences. Such function is discharged when the court leaves a record adequate for any review that may later be sought. (*Boykin v. Alabama* (1969), 395 U.S. 238.) Turning to the record, we find the trial court held the following colloquy prior to accepting the petitioner's plea of guilty:

"Clerk: The People of the State of Illinois versus Mack Pittman. Mr. Wexler [Attorney for the Defendant]: Your Honor, I have

conferred with the defendant, Mack Pittman, in Indictment 65-734, and he informs me that he wishes to withdraw his plea of not guilty heretofore entered and enter a plea of guilty at this time.

The Court: Is that correct, Mr. Pittman?

The Defendant: Yes.

Mr. Wexler: And you do that of your own free will, sir?

The Defendant: Yes.

Mr. Wexler: And you have discussed the facts in the matter with reference to your case fully with the Public Defender's Office?

The Defendant: Yes.

The Court: Mack Pittman, you are advised that you have a right to a trial by jury or by this court without a jury before there is a finding of guilty entered against you. The right is guaranteed you by the Constitution of the United States and of the State of Illinois.

If I accept your plea of guilty to the charge of murder I will undoubtedly find you guilty of this charge and under the law of this Court can sentence you to the penitentiary for not less than fourteen years to any number of years.

Now, do you understand your right to trial?

The Defendant: Yes.

The Court: Do you understand the possible penalty provided by law?

The Defendant: Yes.

The Court: So understanding do you still wish to plead guilty?

The Defendant: Yes.

The Court: Let the record show a plea of guilty to the charge of murder as set forth in Indictment 65-634, be entered."

■■ In light of this colloquy in the record, we find the trial court held an adequate hearing in determining the petitioner's guilty plea was both voluntary and intelligently made. We therefore reject the petitioner's contention that he was denied due process of law.

The second issue the petitioner presents on review is whether the court erred by its failure to hold an evidentiary hearing as to the petitioner's assertion that he was represented at trial by incompetent counsel.

The petitioner contends the trial court, in reviewing his post-conviction petition, should have granted him an evidentiary hearing, affording him an opportunity to show he was represented by incompetent counsel at the time of his guilty plea. The sole basis for the petitioner's conten-

tion is the unsupported assertion from his post-conviction petition in which he claims he now possesses certain evidence tending to refute his guilt, which his trial counsel, due to gross incompetence, failed to bring to the court's attention.

■■ We again cannot accept the petitioner's contention as valid. In *People v. Ashley* (1966), 34 Ill.2d 402, the court, in discussing the incompetence of counsel, stated:

> "* * * it is well settled that in order to establish incompetency of counsel, actual incompetent representation and substantial prejudice to the defendant as a result thereof must be established. (*People v. Gray*, 33 Ill.2d 349, *People v. Morris*, 3 Ill.2d 437.) Nor can charges of incompetency be based solely upon assertions. (*People v. Wolff*, 19 Ill.2d 318, *People v. Francis*, 356 Ill. 74.)"

■■ The record in the instant case is most clear that the trial court acted to the best of its abilities in its review of the petitioner's assertion in his post-conviction petition in determining whether there was any merit to the claim of incompetence of counsel. At the hearing held pursuant to the filing of the petitioner's post-conviction petition, the trial court requested the Committee on Defense of Prisoners of the Chicago Bar Association to appoint someone to represent the petitioner and determine if there was any merit to the petition. At a subsequent hearing, the appointed counsel stated to the court that the only evidence which the petitioner had to offer to substantiate his allegation of gross incompetence by his trial counsel was his own unsupported assertion. In light of this disclosure, the trial court denied the petition for post-conviction relief. We see no reason to hold otherwise and, therefore, affirm the findings of the trial court in denying the petitioner an evidentiary hearing.

For the reason stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.