THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH E. ABERNATHY, SR., Defendant-Appellant.

(No. 72-190;

Fifth District—April 19, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Michael C. Dunston, Senior Law Student, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville (Joseph B. McDonnell, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment of the circuit court of St. Clair County dismissing his petition for a post-conviction hearing filed pursuant to the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat., ch. 38, pars. 122—1 through 122—7).

He first contends that defendant's post-conviction petition raises an issue of constitutional magnitude in that defense counsel's representation of him was of such quality as to amount to no representation at all.

Defendant claims that one Dixie Beever was a nurse in the hospital in which the man who the defendant allegedly shot was brought for treatment. She allegedly heard the decedent say to his wife, "Why did you have me killed?" The defendant maintains that Dixie Beever told the defendant's lawyer what she heard, that the lawyer neglected to use this evidence at trial and that he told Dixie Beever that he didn't care "* * * if Joe Abernathy fried." At the post-conviction hearing the State's Attorney argued that this allegation was not of constitutional magnitude and that in any case the issue was res judicata. The trial court refused to grant the defendant an evidentiary hearing and granted the state's motion to dismiss the post-conviction petition.

■■ In *People v. Flanigan,* 49 Ill.2d 321, 274 N.E.2d 75, the court stated:

> "The alleged incompetence of retained counsel 'presents no constitutional question for consideration in a post-conviction proceeding unless representation is of such low calibre as to amount to no representation at all or reduce the court proceedings to a farce or a sham * * *.'" (49 Ill.2d 323.)

In *Flanigan* the defendant filed a post-conviction petition alleging that his retained counsel failed to adequately investigate and prepare for the case, and because of this failure, the defendant was induced to plead guilty. The trial court dismissed the petition without an evidentiary hearing even though the defendant had filed affidavits of purported witnesses allegedly supporting his position. The supreme court affirmed the dismissal without an evidentiary hearing because, accepting the defendant's allegations as true, counsel's advice to plead guilty was not "so utterly improvident as to constitute no representation at all." In *People v. Bliss,* 44 Ill.2d 363, 255 N.E.2d 405, the court stated that incompetency of the magnitude required to raise a constitutional question in post-conviction proceedings is not established "where retained counsel fails to object to inadmissible evidence or fails to move to suppress certain evidence and makes other errors of judgment or trial strategy."

■■ We carefully reviewed the record when this case was before this court on direct appeal and we have again reviewed the trial record on this appeal. There is not an iota of truth in the statement that defendant's lawyer did not honorably and vigorously defend defendant at all stages of the trial. Assuming that the nurse, Beever, did tell defense counsel what appellant contends she told him during the trial, we still do not believe that his decision not to use her testimony in the trial would indicate that the calibre of representation the defendant received was of such low calibre as to present a constitutional question covering the calibre of defendant's representation at the trial.

The defendant also contends that his court-appointed attorney on the post-conviction petition did not adequately represent him. This argument is based on Supreme Court Rule 651(c) which requires that:

"*  *  * The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petition filed pro se that are necessary, for an adequate presentation of petitioner's contentions."

Counsel for the defendant stated at the hearing on the dismissal of the post-conviction petition that he had corresponded with the defendant several times and that he had a lengthy conference with the defendant at the Menard Penitentiary. He also stated in that hearing that he had prepared the amended post-conviction pleadings. The petition claimed many errors in the admission of evidence, in the giving of instructions and in claimed inadequacies in the brief filed on behalf of the defendant in the direct appeal. It would have been impossible for defendant's counsel to have made these contentions without having examined the report of proceedings at trial.

■■ Since the record discloses that defendant's counsel on his post-conviction petition did confer with defendant personally, did examine the record of proceedings at the trial and did prepare the amended post-conviction petition, Supreme Court Rule 651(c) has been substantially complied with. Defendant's contention that he was not adequately represented in his post-conviction proceeding is without merit.

For the foregoing reasons the judgment of the circuit court of St. Clair County dismissing defendant's petition is affirmed.

Judgment affirmed.

EBERSPACHER and CREBS, JJ., concur.