THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLINTON BENNETT, Defendant-Appellant.

(No. 58776;

First District (5th Division)—June 7, 1974.

James J. Doherty, Public Defender, of Chicago (J. Powers McGuire, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Mariann Twist, and Nicholas P. Iavarone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BARRETT delivered the opinion of the court:

The defendant appeals from an order sustaining the motion of the State to dismiss the defendant's *pro se* post-conviction petition without an evidentiary hearing. The Public Defender was appointed to represent the petitioner.

After prior pleas of not guilty to charges of murder and illegal possession of narcotics, the defendant on October 28, 1968, changed his pleas to guilty and was sentenced to 14 years to 20 years on the murder charge and to 5 to 10 years on the narcotics charge, the sentences to run concurrently.

In his *pro se* post-conviction petition filed September 28, 1971, the defendant sought to have his convictions reversed on the ground that his change of pleas from not guilty to guilty were not understandably made and, as such, not voluntary and on the additional ground that his privately retained counsel was incompetent for various alleged reasons. In support of his contention of involuntariness, the defendant alleges in his petition that before his change of pleas his counsel represented to him that he had no chance of being set free for various reasons and that the prosecutor, the judge and his counsel had reached an agreement that on guilty pleas he would be sentenced to a term of 5 to 10 years for manslaughter. As a part of his petition, the defendant filed an affidavit by one, Clinton Barnes, a defendant in another case, who states in the affidavit that he heard the defendant's counsel tell the defendant in the bullpen adjacent to the courtroom that "five to ten years was the best he could do." The affidavit is silent as to which of the two charges the 5 to 10 years may have referred to and a sentence of 5 to 10 years was, in fact, imposed on the narcotics charge. It is worthy of note that on oral argument counsel for the defendant conceded that the affidavit was of slight, if any, probative value. On the hearing of the State's motion to

dismiss the post-conviction petition, the State offered and the court received in evidence the report of proceedings of the hearing, resulting in the change of pleas. That report of proceedings makes it abundantly clear that before accepting the defendant's guilty pleas the court thoroughly advised the defendant that he was charged with unlawful possession of narcotics and with murder and that on the murder charge the defendant could be sentenced to a term of not less than 14 years or might, indeed, suffer capital punishment and that on the narcotics charge the minimum sentence was 5 years and the maximum a term of life in the penitentiary. Not only was the court abundantly clear in its explanation of the possible punishment, but then inquired of the defendant whether, with the understanding of possible punishment, he still decided to enter pleas of guilty and the defendant responded in the affirmative. The court further put into the record that defendant, after having been advised of the consequences of his pleas of guilty, persists in such pleas.

■■■ While it is true that when a post-conviction petition raises a claim of substantial constitutional denial based on assertions beyond the record, evidence may be taken to determine the validity of the claim (*People v. Williams*, 47 Ill.2d 1, 264 N.E.2d 697), it is equally true that the petitioner's allegations in the post-conviction petition are to be considered in the light of the record in determining their sufficiency. Here the record shows beyond the question of a doubt that the defendant was informed by the court of crimes with which he was charged. The crime of manslaughter was not mentioned anywhere in the report of proceedings and the defendant was informed of the possible sentence for murder, not for manslaughter. It is impossible to conceive that the defendant had any misunderstanding because he was certainly not a novice in courtroom procedure. When sentence was passed he stood mute although he had every opportunity to address the court or, at least, ask permission of the court to confer with his attorney to indicate any possible misunderstanding. Furthermore, when the sentence was imposed, defendant had a further opportunity to withdraw his plea of guilty to the murder charge and re-enter his plea of not guilty. It is our judgment that the record in this case completely contradicts the defendant's contention that his plea was involuntary or that he "didn't even know what he was pleading to."

■■ Similarly, the record negates defendant's claim that his retained counsel was incompetent. Defendant asserts that his counsel did virtually nothing by way of investigation, did not obtain a coroner's report, file motions, or interview witnesses. In his petition defendant admitted killing the victim and further admitted the persuasion of four young men to help him dispose of the body of the victim. It must be assumed that the defendant told essentially the same story to his attorney as narrated

in his post-conviction petition. Hence, what value to a coroner's report? Defendant's petition demonstrates that he might have had one possible witness whom he admits he didn't know. Hence, what witnesses to be interviewed? The State had the four young men who aided in disposing of the body so it is a certainty that an interview with them would have been an exercise in futility. In the light of these facts, the various omissions charged by the defendant cannot be said to be such as would result in substantial prejudice to him without which the outcome would probably have been different. (*People v. Bliss*, 44 Ill.2d 363, 255 N.E.2d 405.) We are persuaded that defendant's claim of incompetency of counsel was based solely on unsupported assertions and, as such, insufficient. *People v. Pittman*, 7 Ill.App.3d 1079, 288 N.E.2d 702.

██ Where defendant is represented by counsel of his choice alleged incompetence of counsel presents no question for consideration in a post-conviction proceeding unless representation is of such low calibre as to amount to no representation at all or reduce the court proceedings to a farce or sham. The record shows that defense counsel asked for and was successful in convincing the court to pronounce a lesser sentence on the murder charge than the 15 to 50 years recommended by the State. This area of the record demonstrates that counsel for the defendant had full knowledge that a client was being sentenced for murder and not for manslaughter and it is difficult to conclude that any attorney could possibly stand by and permit a sentence for murder if he had any thoughts that he had an agreement for a sentence for manslaughter. All factors considered, it cannot be said that the record indicates that the defendant had "no representation at all." It is our judgment that the trial judge was thoroughly justified in sustaining the State's motion to dismiss the post-conviction petition without an evidentiary hearing and the court's dismissal of the petition is accordingly affirmed.

Affirmed.

DRUCKER and LORENZ, JJ., concur.