THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ANDREW BELL, Defendant-Appellant.

Third District   No. 77-278

Opinion filed March 20, 1978.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Linda M. Vodar, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Peoria County which found Andrew Bell, the defendant, guilty of the delivery of a controlled substance and which imposed a sentence of not less than one nor more than three years in the penitentiary.

The evidence adduced during the defendant's trial established that on the evening of September 1, 1976, he delivered four capsules purporting to contain heroin to two individuals, two capsules to an I.B.I. agent, Dena Hurst, and two capsules to a confidential source, Alvin Linwood. Linwood immediately handed the two capsules which he had received to Agent Hurst. Prior to this delivery Agent Hurst had given the defendant the sum of $40. Agent Hurst was seated on the driver's side in a parked vehicle and Linwood was seated in the front seat on the passenger side. Another agent, Kizart, was in the rear seat of the vehicle. The defendant

at the time of making delivery was standing outside the vehicle on the passenger side. A criminalist employed by the Illinois Bureau of Identification later examined two of the capsules and found that they contained heroin.

The defendant was charged by an indictment which alleged that he knowingly delivered to Dena Hurst less than 30 grams of a substance containing heroin.

In this appeal it is the defendant's contention that his conviction for the unlawful delivery of a controlled substance to Dena Hurst must be reversed since the evidence did not establish beyond a reasonable doubt that the substance delivered to this individual contained heroin. In short, the defendant argues that there is no proof that the two capsules examined by the criminalist and found to contain heroin were the same two which he allegedly delivered to Dena Hurst.

In the instant case the defendant is attempting to becloud the transaction concerning his sale of heroin by establishing two deliveries, one to Dena Hurst and one to the confidential source. Should two deliveries be established then there would be a failure of proof to the effect that the two capsules received by Dena Hurst contained heroin; however, we must reject his "two delivery" theory, since the record discloses that the confidential source Linwood acted only as a conduit. Upon being presented two capsules by the defendant he transferred them immediately to Dena Hurst.

■■ The circuity of the transfer of money and narcotics cannot alter the substance of a narcotic transfer. *People v. Mann* (1963), 27 Ill. 2d 135, 188 N.E.2d 665; *People v. Witherspoon* (1963), 28 Ill. 2d 290, 192 N.E.2d 337; *People v. Wyatt* (1965), 62 Ill. App. 2d 434, 210 N.E.2d 824.

■■ The defendant clearly knew the identity of the person to whom he was delivering the capsules. That person was agent Dena Hurst, who engaged him in a conversation concerning the price of the heroin capsules. Agent Hurst bargained for four capsules and paid the defendant $40. That the confidential source Linwood momentarily held two of the capsules before handing them to Agent Hurst does not constitute two sales or alter the delivery of all four of the capsules to Agent Hurst.

We cannot entertain the defendant's theory of the transaction and consequently can only conclude that he was properly proven guilty beyond reasonable doubt of the offense with which he was charged.

For the reasons stated the judgment of conviction of the circuit court of Peoria County and the sentence imposed thereon is affirmed.

Judgment affirmed.

STENGEL, P. J., and ALLOY, J., concur.