THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VICTOR WATTS, Defendant-Appellant.

Second District   No. 2—90—0230

Opinion filed March 18, 1992.

BOWMAN, J., dissenting.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Charles R. Hartman, State's Attorney, of Freeport (William L. Browers and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Victor Watts, was indicted in the circuit court of Stephenson County on one count of delivery of less than one gram of a substance containing cocaine (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c)). Following a jury trial, defendant was found guilty and sentenced to a four-year term of imprisonment. The sole issue raised by defendant on appeal is whether he was denied the effective assistance of counsel. We affirm.

The following facts were adduced at defendant's trial. Agent Gary Cooper of the Illinois State Police testified that on July 26, 1989, he was assigned to work undercover with a confidential source, Ms. Gaylene Forth, in an effort to make contacts in Freeport bars for the purpose of purchasing small quantities of cocaine.

At about 2:54 p.m. on that date, Agent Cooper and Ms. Forth entered Club 26, a bar located in Freeport. They immediately walked to a booth where defendant and a white male were seated. As they approached, defendant stood up and conversed with Ms. Forth, after which Ms. Forth introduced Agent Cooper to defendant.

While they were standing beside the booth, they negotiated with defendant for the purchase of a half gram of cocaine. Defendant told them it would be no problem and asked Ms. Forth for the money. Agent Cooper then handed Ms. Forth $50 in "prerecorded official advanced funds." Ms. Forth in turn handed the money to defendant.

Agent Cooper and Ms. Forth then sat at a booth with the white male while defendant went to the front of the bar area. Defendant re-

turned and sat on the opposite side of the booth from Agent Cooper and directly across from Ms. Forth. Defendant indicated he wanted to pass the cocaine under the table, and Agent Cooper leaned back in the booth so he could see under the table. As defendant slid his hand under the table towards Ms. Forth, Agent Cooper observed a small, blue packet in defendant's hand. Agent Cooper leaned forward, placed his hand next to Ms. Forth's, and then took possession of the blue packet. On cross-examination, Agent Cooper conceded that his report does not state that he took the packet from defendant's hand. After reviewing his report on redirect examination, Agent Cooper explained that his report stated that he placed his hand next to Ms. Forth's and "took delivery of the cocaine."

On direct examination, Agent Cooper described the packet as being shaded blue and looking like a miniature Ziploc baggie. It contained a white powder substance. Agent Cooper identified the blue packet at trial as the one he received from defendant. A forensic scientist employed at the State crime laboratory testified that the substance in the blue packet weighed one-tenth of a gram and tested positive as cocaine.

Ms. Forth testified on behalf of defendant. She stated that on the date in question she went to Club 26 with Agent Cooper. She and Agent Cooper ordered beer and sat alone at a table. Agent Cooper then asked her if she could get him any "coke." Ms. Forth told him that she knew a few people in the bar that might have some or would know somebody who did.

Forth testified that she then approached defendant and asked if he could get her some "coke." Defendant said he did not have any but would ask around. After asking a few people, defendant came over to the table and told her that he knew somebody who might be able to get it. Defendant then asked if the drugs were for her, to which she responded that the drugs were for her friend "Cody" (Agent Cooper). Defendant said he would not sell it to "Cody" and did not think anyone else would because "we don't know the guy." Ms. Forth assured defendant he could trust her friend "Cody." Defendant told Ms. Forth to wait about 5 or 10 minutes while he asked a friend of his to get the "coke."

About 10 minutes later, defendant came over and handed the "coke" to Ms. Forth, who in turn handed it to Agent Cooper. On cross-examination, Ms. Forth identified the packet of cocaine previously admitted into evidence as the item defendant handed her in Club 26. She elaborated that she received the blue packet from defendant and gave it to Agent Cooper. She testified that she pointed

out to defendant that the cocaine was for Agent Cooper. She also stated that it was Agent Cooper who handed the money to defendant.

Defendant testified that he was seated with a friend at Club 26 when Ms. Forth introduced him to her friend (Agent Cooper). According to defendant, Ms. Forth told defendant that she knew her friend was an undercover agent and that she wanted to "rip this guy off" and split the money with defendant. Defendant testified that he did not participate in "ripping off" Agent Cooper. He denied supplying any cocaine or taking any money from Agent Cooper. He also denied telling Ms. Forth to wait 10 minutes. On cross-examination, defendant stated he never had contact with Agent Cooper.

During closing argument, the prosecutor pointed out the discrepancy between Ms. Forth's testimony and that of defendant as to whether a delivery of cocaine occurred. He also noted that the "believability lies with the State's witnesses and those that indicate that yes, he did, in fact, deliver a controlled substance."

Defendant's attorney, in his closing argument, pointed out that Agent Cooper, Ms. Forth and defendant all related different versions of what happened. He argued that there were serious questions as to what actually took place that afternoon. Finally, in rebuttal, the prosecutor pointed out that two witnesses testified that defendant delivered cocaine and only defendant said that he did not.

The jury was instructed that the State need only prove that defendant knowingly delivered a controlled substance containing cocaine. The jury found defendant guilty, and he was sentenced to four years in prison. Defendant filed this timely appeal.

Defendant presents two contentions regarding his claim of ineffective assistance of counsel. He first maintains that a *per se* denial of his right to the effective assistance of counsel resulted from his trial attorney eliciting testimony from Ms. Forth that contradicted his testimony that he did not deliver cocaine to anyone. Second, he argues that he was denied the effective assistance of counsel even if there was no *per se* denial.

A defendant who alleges a denial of his sixth amendment right to the effective assistance of counsel must generally meet the two-pronged test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, to establish a valid claim. (*People v. Chandler* (1989), 129 Ill. 2d 233, 242.) To prevail on such a claim, "a defendant [must] prove (1) that his counsel's performance was deficient by having made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment, and (2) that his counsel's deficiencies prejudiced the

defendant." (*Chandler*, 129 Ill. 2d at 242.) "[A] defendant must show that his counsel's errors were so serious that they deprived the defendant of a fair trial, [that is,] a trial whose result is reliable." (*Chandler*, 129 Ill. 2d at 242.) The scrutiny of counsel's performance must be highly deferential, and a reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Chandler*, 129 Ill. 2d at 242-43.

In rare cases, the ineffectiveness of counsel will be presumed without application of the two-part *Strickland* test. (*Chandler*, 129 Ill. 2d at 243.) Where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of sixth amendment rights that makes the adversary process itself presumptively unreliable. (*Chandler*, 129 Ill. 2d at 243; see *People v. Hattery* (1985), 109 Ill. 2d 449, 461.) This rule must be narrowly construed, however, to avoid a defense attorney conceding his client's guilt for the purpose of laying the groundwork for a later reversal. *People v. Johnson* (1989), 128 Ill. 2d 253, 269.

The facts in this case do not establish a *per se* denial of defendant's sixth amendment right to counsel such that defendant is excused from meeting the burden of the two-pronged ineffective assistance of counsel test. This is not a case where defendant's attorney failed to subject the prosecution's case to a meaningful adversarial test. He did not at any time concede defendant's guilt. Furthermore, he cross-examined Agent Cooper as to the particulars of the delivery and attempted to point out discrepancies between Agent Cooper's trial testimony and his written report. He also introduced evidence, by way of Ms. Forth's testimony, that contradicted various facets of Agent Cooper's testimony. Finally, he argued that Agent Cooper's testimony was not credible because it varied from Ms. Forth's and defendant's testimony. Having concluded that trial counsel's representation of defendant was not *per se* ineffective assistance of counsel, we next consider defendant's claim under the two-part *Strickland* test.

Our supreme court has stated that "[c]laims of ineffective assistance of counsel may be disposed of on the ground that the defendant suffered no prejudice from the claimed errors, without deciding the first prong, whether the errors were serious enough to constitute less than reasonably effective assistance." (*Johnson*, 128 Ill. 2d at 271.) In this regard, defendant argues that he was prejudiced by the testimony of Ms. Forth, because, without it, the jury would have been left to assess his credibility solely on the basis of Agent Cooper's testimony.

■■ The decision to have Ms. Forth testify as to the particulars of the cocaine delivery did not prejudice defendant in this case. Agent Cooper's testimony, standing alone, would have been sufficient to support a guilty verdict. While the case hinged on the credibility of the witnesses, we cannot conclude to a reasonable probability that the jury would have acquitted defendant had Ms. Forth not testified. See *Johnson*, 128 Ill. 2d at 272; *People v. Caballero* (1989), 126 Ill. 2d 248, 262-63.

Even were we to address the reasonableness of trial counsel's decision to have Ms. Forth testify regarding the details of the delivery, we conclude that such decision was within the range of competence demanded by criminal attorneys and was not so serious an error that counsel failed to provide the assistance of counsel required by the sixth amendment. We also note that to establish a deficiency, defendant must overcome the strong presumption that the challenged action or lack of action might be the product of sound trial strategy. (*Caballero*, 126 Ill. 2d at 260; see *People v. Albanese* (1984), 104 Ill. 2d 504, 525-26.) It is apparent from Ms. Forth's testimony and defense counsel's closing argument that defendant's counsel attempted to create a doubt about the credibility of Agent Cooper's testimony regarding the particulars of the drug transaction. Considering the nearly unequivocal testimony of Agent Cooper, defense counsel had few, if any, options available to him. While Ms. Forth's testimony also was contrary to defendant's in that defendant testified that he made no delivery to anyone and accepted no money from anybody, we cannot say that defense counsel's effort to paint three versions of what happened, two of which countered Agent Cooper's, was not a sound trial strategy in light of the evidence against defendant. As such, defendant has failed to overcome the strong presumption that defense counsel's conduct fell within the wide range of reasonable professional assistance.

For the foregoing reasons, we affirm the judgment of the circuit court of Stephenson County.

Affirmed.

WOODWARD, J., concurs.

JUSTICE BOWMAN, dissenting:

I respectfully dissent from the majority opinion. Our supreme court has pointed out that the two-pronged test for ineffectiveness of counsel should not be viewed as "mechanical rules" and that the ultimate focus of inquiry must be on the fundamental fairness of the pro-

ceeding whose result is being challenged. (*People v. Caballero* (1989), 126 Ill. 2d 248, 282.) While there is a strong presumption that the challenged action or lack of action might be the product of "sound trial strategy" (*Caballero*, 126 Ill. 2d at 260), not all conduct committed under the guise of trial strategy should be excused if it denies a defendant the effective assistance of counsel. Even when presented with a difficult case, counsel must provide reasonably effective assistance to a defendant. *People v. Chandler* (1989), 129 Ill. 2d 233, 250.

While at first blush counsel's conduct appears to be justifiable as trial strategy, it is a strategy that effectively denied defendant a reasonable defense. By allowing Ms. Forth to testify that defendant delivered the cocaine to her rather than to Agent Cooper, defendant's own attorney introduced evidence sufficient to convict him absent Agent Cooper's testimony. (See *People v. Bell* (1978), 58 Ill. App. 3d 197, 198.) As a result of defendant's attorney's strategy, the jury was presented with two bases of guilt, the State's version that defendant delivered the cocaine to Agent Cooper directly and Ms. Forth's version that he delivered it to her first.

Moreover, Ms. Forth testified that the cocaine was for defendant and that Agent Cooper gave money to defendant for the cocaine. Consequently, Ms. Forth's testimony bolstered the State's theory that defendant intended to deliver the cocaine to Agent Cooper. This was prejudicial to defendant's defense regardless of whether defendant testified.

Furthermore, defendant's case suffered in the eyes of the jury by virtue of the seemingly inconsistent stories presented by his counsel. His first witness, Ms. Forth, told one version. He told a completely different story. There is a strong likelihood that such internal inconsistencies in the defense would not have been received favorably by the jury.

While defense counsel's approach, attempting to attack the credibility of the State's occurrence witness, would seem to be a reasonable defense under the circumstances, it was rendered completely unreasonable by Ms. Forth's testimony that defendant delivered the cocaine to her with the knowledge it was for Agent Cooper. Ms. Forth's testimony was sufficient to support a guilty verdict absent any evidence by the State. The ineffectiveness of such an approach was accentuated by defendant's testimony, which consisted of a denial of any delivery or transaction.

Had Ms. Forth not testified, the jury would have been left to decide whether to believe defendant or Agent Cooper. While such a decision is ultimately beyond this court's contemplation, it is evident that

the jury must have been heavily persuaded in favor of the State after hearing defendant's own witness testify that he delivered cocaine to her.

Finally, defense counsel's apparent motivation for having Ms. Forth testify, to create a contradiction with Agent Cooper's testimony, was misguided at best. Rather than contradicting Agent Cooper's testimony, Ms. Forth offered a version very similar to Agent Cooper's with only immaterial differences. Under the law, and consistent with the instructions in this case, the State need only prove a knowing delivery. Whether the delivery was to Agent Cooper or to Ms. Forth is of no consequence to the crime charged. The immateriality of any discrepancies between Agent Cooper's and Ms. Forth's testimony is further evidenced by the prosecutor's closing argument wherein he pointed out that *two witnesses* testified that defendant delivered cocaine. Thus, defense counsel assisted the State in proving its case rather than attacking it. Under these circumstances, defendant was denied a fundamentally fair proceeding, the outcome of which was the direct result of defense counsel's conduct. Accordingly, I believe that defendant was denied the effective assistance of counsel under the sixth amendment.