(No. 36370.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH MILLER, Plaintiff in Error.

*Opinion filed November 30, 1962.*

BRUCE J. MCWHIRTER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:·

The defendant, Joseph Miller, and one Alfred Gibson were found guilty of robbery by a jury in the criminal court of Cook County and were sentenced to the penitentiary for a term of not less than 5 nor more than 10 years. The case is here on writ of error brought by the defendant Miller alone to review the judgment entered upon the jury verdict.

The prosecuting witness, Robert Starling, testified that as he was about to get into his parked car at 4706 South Evans Avenue in Chicago, defendant yelled "Hey" and said "I don't know whether you know it or not but you are being robbed. Don't yell, the person behind you has a gun." He was ordered to put his hands above his head and to get against a nearby wall. Three $1 bills and a quarter were taken from his person. Two men were present with the defendant. As they turned witness loose, he called to a police

squad car which had just come around the corner. Defendant and Gibson were arrested, but the third man escaped. The money was not recovered. Officer Gaskin corroborated Starling's testimony relative to the arrest. The defendants denied participation in the robbery and denied knowing each other.

At the beginning of the trial, defendant moved that all witnesses be excluded from the court room. The motion was granted, but the court allowed officer Gaskin to remain to assist the prosecutor. Starling was the only other witness for the State. Defendant argues that the court's ruling was reversible error.

The question whether denial of a defendant's timely motion to exclude all witnesses in a criminal case constitutes reversible error has been discussed in several recent decisions of this court. We have held that it is not reversible error for a trial judge in the exercise of sound judicial discretion to exempt a police officer from an order excluding all witnesses in the absence of a showing of prejudice to the defendant. (*People* v. *Chennault,* 24 Ill.2d 185; *People* v. *Dixon,* 23 Ill.2d 136; *People* v. *Strader,* 23 Ill.2d 313.) Defendant first contends that the court failed to exercise its sound judicial discretion. The record shows that the trial judge was familiar with and relied upon the practice in the criminal court of Cook County to allow a police officer to remain in the court room to assist the prosecutor. We find no arbitrary abuse of discretion in the court's ruling. Next defendant urges that he was prejudiced by the officer's presence during Starling's testimony. He does not show in what way the testimony might have differed had the officer been excluded, but argues that he was prejudiced merely by the officer's opportunity to hear the complaining witness testify before him. To accept this theory would be to adopt a rule allowing the exclusion of all witnesses as a matter of right and to ignore the established custom of the criminal

courts. We adhere to the rule of the *Chennault* and *Dixon* cases and we do not find that the defendant was prejudiced by the presence of the officer.

Defendant's final contention is that he was denied a fair trial by the prosecution's improper closing argument. Several excerpts from the final argument are set out as being prejudicial, but specific objections were made to only part of them. We are of the opinion that the prosecutor's commenting on what he felt were defense counsel's attempts to confuse the jury and his asking that the jury regard this $3.25 robbery as a crime just as much as the "million dollar Brink's robbery," did not constitute prejudicial argument. *People* v. *Sustak*, 15 Ill.2d 115; *People* v. *McLaughlin*, 337 Ill. 259.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*