(No. 37397.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES EDWARD WEAST, Plaintiff in Error.

*Opinion filed January 22, 1964.*

THOMAS W. HOYA, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and JOHN J. O'TOOLE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

In a bench trial in the criminal court of Cook County James Edward Weast was found guilty of the murder of Juanita Calhoun and sentenced to the penitentiary for a term of 20 years. A writ of error has been issued to review his conviction.

Defendant and deceased lived in a room they had rented in the home of Henry Boyd in Robbins, Illinois. About 9:00 o'clock P.M. on September 9, 1960, they were in this home when defendant stabbed the deceased with a butcher knife. An autopsy revealed that the deceased died from the stab wound.

Henry Boyd testified that just before the stabbing, he was sitting in his bedroom twelve feet from defendant and deceased, who were sitting together on a sofa in a nearby room. After the two had argued for about 5 or 10 minutes,

deceased grabbed the telephone to call the police and defendant said, "If you call up I'll kill you." Boyd saw defendant's hand go up and down toward deceased several times in a stabbing manner, but he did not see anything in his hand. Deceased yelled "I'm stabbed to death" and defendant ran out of the building. Boyd grabbed a gun and fired it into the floor to sound an alarm, but defendant did not stop. The police arrived about 20 minutes later at which time deceased was dead.

Defendant's version of the occurrence is as follows: He and the deceased had been drinking most of the afternoon. After they returned to the building, they argued because she wanted more to drink and he would not give her any more. Deceased then got a butcher knife. Boyd first went to the telephone and then called deceased and told her to call the police. She returned to the room where defendant was and told him she had called the police. He went into the back yard, sat there about 5 minutes and returned to the house. Deceased said Boyd had given her more whiskey and that she was staggering. Defendant took the butcher knife which she was still holding and Boyd came into the room yelling that defendant should leave. Defendant and Boyd argued and Boyd said he would shoot defendant if he did not leave. Boyd got a gun and fired it. Defendant turned to run, stumbled over a footstool and fell into decedent, who was behind him, apparently stabbing her at this time. He said he had no intention to kill her.

Defendant's principal contention is that the autopsy report cannot be reconciled with Boyd's version of the stabbing. He points out that Boyd said defendant made several up and down or vertical motions and yet the autopsy report shows a single horizontal stab wound.

Although the stabbing motions were vertical and the wound horizontal, there is nothing to show whether deceased's body was vertical or horizontal at the time of the stabbing. Furthermore, there is nothing to show that each

stab motion was into the body or that the knife was removed from the body after each stabbing motion. While Boyd, an elderly man was incoherent on some minor points, his account of the stabbing was coherent. The trial judge chose to believe Boyd's version of the stabbing and there is no reason for us to disturb his finding. *People* v. *Thornton,* 26 Ill.2d 218.

Defendant next argues that a new trial should be granted because three of the People's six witnesses remained in the court room after the court had ordered the exclusion of all witnesses except one to assist the prosecution. As defendant frankly states, the People's whole case rested on the testimony of Boyd. Joseph Calhoun, deceased's brother, testified to the death of the deceased; the testimony of James White, Aaron Stout, Charles David Russell and Jessie Watkins concerned the taking of a statement from defendant which was never offered in evidence; and Lieutenant Brockway said that defendant told him he stabbed deceased which is consistent with defendant's and Boyd's testimony. The presence of three of the People's witnesses appears to have been inadvertent and since no prejudice is shown to have resulted from their presence, there is no reversible error. *People* v. *Chennault,* 24 Ill.2d 185; *People* v. *Miller,* 26 Ill.2d 305.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*