No. 3--02--0397 _________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2003

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 13th Judicial Circuit,

       )  La Salle County, Illinois

Plaintiff-Appellee,        ) 

       )

v.                         )  Nos. 01--CF--307, 01--DT--429

                                )       and 01--TR--11573

  ) 

DAVID L. ELLIOTT,       ) Honorable

                 )  H. Chris Ryan

Defendant-Appellant.       )  Judge, Presiding

________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the court:

________________________________________________________________

The defendant, David L. Elliott, was convicted of aggravated battery and driving while under the influence of alcohol (DUI).  720 ILCS 5/12--4(b)(6); 625 ILCS 5/11--501(a)(2) (West 2000).  The trial court sentenced defendant to a term of probation.  Defendant appeals, contending that (1) the police officer did not have authority to stop and arrest him because the officer was outside the municipality where he was employed; (2) the State failed to prove him guilty of aggravated battery or driving while under the influence of alcohol beyond a reasonable doubt; and (3) he was prejudiced by the presence of the State’s primary witness at counsel table throughout the trial.  We affirm.

FACTS

Prior to trial, defendant moved to dismiss all charges, contending the police officer involved in this case did not have authority to stop or arrest him because the officer was outside his jurisdiction.  The trial court denied defendant’s motion to dismiss.  However, defendant has not provided this court with the record of any hearing on his motion.  Therefore, we must rely on the record of the jury trial in reviewing defendant’s claims. 

At the jury trial, Marseilles city police officer Jeremy Gaughan testified he was monitoring the speed of traffic while parked approximately 50 feet north of the Marseilles city limits.  Gaughan observed a vehicle at the intersection of 11th Street and Rutland, which is inside the city limits.  The vehicle appeared to be traveling at a high rate of speed.  Gaughan measured the speed of the vehicle with his radar device at 50 miles per hour in a 35 mile per hour speed zone.  

When the vehicle passed his location, Gaughan followed and activated his emergency lights.  The vehicle proceeded to the driveway of a nearby private residence where it stopped.  Gaughan followed the vehicle into the driveway and observed defendant exit the driver’s side. 

Defendant stumbled as he walked to the rear of the vehicle.  Gaughan noticed defendant smelled of alcohol, his speech was slurred, his eyes were bloodshot and glassy, and he was having difficulty maintaining his balance.  Gaughan testified that defendant failed the horizontal gaze nystagmus field sobriety test.  When defendant refused to perform any other field sobriety tests, Gaughan informed him that he was under arrest.

Defendant stated he could not be arrested because he was on private property.  After defendant continued to refuse to cooperate, Gaughan informed him that he would be sprayed with pepper spray if he did not place his hands behind his back.  When defendant continued to assert he could not be arrested, Gaughan sprayed him with pepper spray.  

Defendant then turned and began walking toward the residence.  Gaughan testified that he attempted to restrain defendant by grabbing his arm.  Defendant responded by punching Gaughan on the right side of his face and grabbing Gaughan by the neck.  Gaughan struggled with defendant.  Eventually, two other police officers arrived and defendant was handcuffed.

Gaughan further testified that defendant kicked him in the face as he was placing defendant in the squad car.  Gaughan stated that he had a shoe print and a red mark on his face, and his neck was red from being choked by defendant.  Officer James Hollenbeck also testified that he observed defendant kick Gaughan as they were placing defendant in the car.

Defendant was transported to the Marseilles Police Department where he agreed to take a breath test.  The breath test indicated defendant’s alcohol concentration was 0.194. 

Albert Lukasik testified he was defendant’s friend and was nearby when these events occurred.  Lukasik observed Gaughan administer a field sobriety test.  When Gaughan informed defendant that he was under arrest, defendant stated he had not done anything wrong.  Lukasik testified that Gaughan then lunged forward, hit defendant in the chest with his forearm, kicked defendant in the legs and groin, head-butted him and sprayed him with pepper spray.  Lukasik testified he fled the area after observing this attack.  

Defendant testified Gaughan asked him to perform two field sobriety tests.  Defendant stumbled when he stepped on a rock during the second test.  When Gaughan told defendant that he was under arrest, defendant stated that the rocky surface had caused him to stumble and he was not speeding.  Without any provocation, Gaughan then struck defendant in the chest, kicked him in the legs, kicked him four times in the groin and sprayed him three times in the face with pepper spray.  Defendant testified he did not strike, kick, choke or grab Gaughan at any time during this incident.  On cross-examination, defendant admitted he had consumed alcohol that night and that the breath test indicated his alcohol concentration was 0.194.

Finally, defendant’s father, brother and sister-in-law testified that they observed the officers place defendant in the squad car, but did not see defendant kick Gaughan.  

The jury found defendant guilty of aggravated battery and driving while under the influence of alcohol.   

DISCUSSION

Defendant contends Gaughan did not have authority to stop or arrest him because Gaughan was outside the city of Marseilles when he clocked defendant’s speed with the radar device and stopped him for speeding.  Defendant asserts that the supreme court’s decision in 
People v. Lahr
, 147 Ill. 2d 379, 589 N.E.2d 539 (1992), is controlling in this case.

In 
Lahr
, a police officer was positioned seven-tenths of a mile outside his jurisdiction.  The defendant’s vehicle was also outside the jurisdiction when the officer obtained a radar reading which indicated the defendant was speeding.  
Our supreme court interpreted the citizen’s arrest statute (Ill. Rev. Stat. 1989, ch. 38, par. 107--3), 
as providing police officers with the same authority as ordinary citizens in making a warrantless arrest outside their jurisdiction.  Such an arrest will not be upheld when the officer uses the power of his office to obtain evidence not available to private citizens.  The court concluded that the officer’s use of the radar gun was an impermissible assertion of police authority outside his jurisdiction, and the arrest was not a valid citizen’s arrest.  
Lahr
, 147 Ill. 2d 379, 589 N.E.2d 539.   

In so finding, the supreme court distinguished 
People v. O’Connor
, 167 Ill. App. 3d 42, 520 N.E.2d 1081 (1988).  In 
O’Connor
, a Palos Park police officer conducted radar surveillance of a road within his jurisdiction while he was parked in an unincorporated area outside that city.  
A speeding violation and subsequent arrest both occurred within Palos Park.  
The First District Appellate Court held that the use of the radar did not constitute an impermissible assertion of police authority outside the officer’s jurisdiction because the officer was monitoring a roadway within his jurisdiction.  The court concluded that the officer reasonably stationed himself just outside the city boundary in an effort to view the road and potentially collect evidence of crime within his jurisdiction.  
O’Connor
, 167 Ill. App. 3d 42, 520 N.E.2d 1081.

Our supreme court 
noted that the radar surveillance in 
O’Connor
 occurred within the officer’s jurisdiction.  
Lahr
, 147 Ill. 2d 379, 589 N.E.2d 539; 
People v. Stanley
, 264 Ill. App. 3d 94, 637 N.E.2d 1072 (1994)
.  Therefore, the 
location of the suspect was determinative rather than the location where the radar originated.  
Stanley
, 264 Ill. App. 3d 94, 637 N.E.2d 1072 (citing 
Lahr
, 147 Ill. 2d 379, 589 N.E.2d 539)
.  

In this case, Officer Gaughan originated the radar from outside the city of Marseilles, but he was using the radar to monitor the speed of traffic within his jurisdiction.  Defendant was inside the city when Gaughan obtained the radar reading which indicated defendant was speeding.  Therefore, the circumstances in this case are similar to those in 
O’Connor
.  Because the area Gaughan was monitoring was within his jurisdiction, we conclude that the use of the radar was not an impermissible assertion of police authority outside Gaughan’s jurisdiction.  Gaughan was reasonably acting in his official capacity as a police officer in monitoring traffic within his jurisdiction from his position just outside the city.
    

After obtaining the radar reading which indicated that defendant was exceeding the speed limit in Marseilles, Gaughan was justified in stopping defendant outside his jurisdiction.  See 
People v. Leinweber
, 234 Ill. App. 3d 748, 600 N.E.2d 901 (1992) (an officer may make an investigatory stop outside his jurisdiction when he has reasonable suspicion that the suspect committed an offense within his jurisdiction).
  Additionally, Gaughan made a lawful arrest after observing indications that defendant was intoxicated.  See 
People v. Carraher
, 199 Ill. App. 3d 965, 557 N.E.2d 975 (1990)
 (following a lawful stop, an officer may arrest a motorist for driving under the influence of alcohol upon observing indicia of intoxication).  Therefore, we conclude the stop and arrest were lawful.

Defendant also contends the State failed to prove him guilty of aggravated battery and driving while under the influence of alcohol beyond a reasonable doubt.

When faced with such a claim, we view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt.  
People v. Collins
, 106 Ill. 2d 237, 478 N.E.2d 267 (1985).  We will not reassess the witnesses’ credibility or reweigh their testimony, since these functions belong to the jury.  
People v. Jimerson
, 127 Ill. 2d 12, 535 N.E.2d 889 (1989).  A reversal is warranted only if the evidence is so improbable or unsatisfactory that it leaves a reasonable doubt regarding the defendant’s guilt.  
People v. Flowers
, 306 Ill. App. 3d 259, 714 N.E.2d 577 (1999).

A person commits battery if he knowingly causes bodily harm to an individual or knowingly makes physical contact of an insulting or provoking nature with another person.  720 ILCS 5/12--3 (West 2000).  A person commits aggravated battery if he commits battery while knowing that the individual being harmed is a peace officer who is engaged in the execution of official duties, including arrest or attempted arrest.  720 ILCS 5/12--4(b)(6) (West 2000).  
 

In this case, the parties presented conflicting versions of the events.  Officer Gaughan testified that he was attacked by defendant after trying to place him under arrest.  On the other hand, defendant and Lukasik testified that Gaughan attacked defendant without provocation after defendant performed a field sobriety test.  
The jury could have rationally believed Gaughan’s version of the events and discredited the testimony of defendant and Lukasik.  

Based on Gaughan’s testimony, the jury could have concluded that defendant punched and tried to choke Gaughan after he attempted to place defendant under arrest.  Gaughan was clearly engaged in the execution of his official duties in trying to arrest defendant.  Gaughan also testified he suffered physical harm as a result of the altercation which was evidenced by a shoe print on his face and red marks on his face and neck.  
Based on this testimony, we conclude 
that a rational jury could have found that the elements of aggravated battery were proven beyond a reasonable doubt.
 

With regard to defendant’s DUI conviction, the statute provides that a person shall not drive any vehicle within Illinois while under the influence of alcohol.  625 ILCS 5/11--501(a)(2) (West 2000).  The credible testimony of an arresting officer alone is sufficient to sustain a conviction for driving under the influence of alcohol.  
People v. Bostelman
, 325 Ill. App. 3d 22, 756 N.E.2d 953 
(2001).  An officer's testimony that the defendant's breath smelled of an alcoholic beverage and his eyes were glassy and bloodshot is relevant evidence of physical and mental impairment.  
Bostelman
, 325 Ill. App. 3d 22, 756 N.E.2d 953
.  Other relevant evidence of impairment may include testimony that the defendant's speech was slurred, that he was staggering and that he failed a field sobriety test.  
People v. Wiebler
, 266 Ill. App. 3d 336, 640 N.E.2d 24 
(1994).  

Defendant concedes he was driving the vehicle, but contends the evidence did not prove he was under the influence of alcohol.  The State presented testimony that defendant stumbled as he walked to the rear of the vehicle, he smelled of alcohol, his speech was slurred, his eyes were bloodshot and glassy, and he had difficulty maintaining his balance.  Additionally, Gaughan testified that defendant failed a field sobriety test and the breath test indicated defendant’s alcohol concentration was 0.194.  
A rational jury could have found this evidence proved beyond a reasonable doubt that defendant 
was under the influence of alcohol.

Finally, defendant contends he was prejudiced because Officer Gaughan sat at counsel table with the prosecutor throughout the trial.  Defendant contends Gaughan’s credibility was bolstered due to his presence at counsel table.

Initially, the record does not indicate that defendant objected at trial to the presence of Officer Gaughan.  Ordinarily, failure to object at trial results in waiver of the claimed error on appeal.  
People v. Enoch
, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988).  

Moreover, the presence of a police officer at counsel table does not result in a presumption that the defendant was prejudiced.  See 
People v. Leemon
, 66 Ill. 2d 170, 361 N.E.2d 573 (1977); 
People v. Miller
, 26 Ill. 2d 305, 186 N.E.2d 317 (1962).  There is no indication from the record that defendant was prejudiced by the presence of Officer Gaughan at counsel table.  Accordingly, defendant’s claim must fail.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed. 

Affirmed.   

SLATER and LYTTON, JJ., concur.