2016 IL App (2d) 150359
No. 2-15-0359
Opinion filed January 28, 2016

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-DT-27 |
| DONALD J. LEE, | ) ) ) | Honorable Robert J. Morrow, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Zenoff and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Donald J. Lee, appeals from the judgment of the circuit court of Kane County denying his petition to rescind the statutory summary suspension of his driver's license. He contends that the trial court erroneously found that his arrest for speeding occurred within the boundaries of South Elgin and thus was valid. Because the court's legal ruling was correct, irrespective of any erroneous finding of fact, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3    Defendant was charged by citation and complaint with driving under the influence (DUI) (625 ILCS 5/11-501(a)(2) (West 2014)). Defendant filed a petition to rescind his statutory

summary suspension, claiming that the arresting officer, Brian Kmieciak of the South Elgin police department, invalidly arrested him outside the officer's jurisdiction.

¶ 4     The following facts are taken from the proceedings on defendant's petition to rescind. On January 2, 2015, at approximately 10:17 p.m., Officer Kmieciak was parked in his squad car on the shoulder of Silver Glen Road, approximately 50 feet west of Burr Road. At that location, Officer Kmieciak was outside of South Elgin.

¶ 5     While there, Officer Kmieciak was monitoring with radar the speed of vehicles in South Elgin. In doing so, he observed defendant's vehicle east of Burr Road, traveling west on Silver Glen Road. At that point, defendant's vehicle was in South Elgin.

¶ 6     As defendant's vehicle approached Burr Road, the radar indicated that it was traveling 63 miles per hour in a 45-mile-per-hour zone. Defendant's vehicle then turned south onto Burr Road. Officer Kmieciak followed defendant's vehicle, activated his emergency lights, and stopped defendant's vehicle on Burr Road. When defendant's vehicle stopped, it was in "Kane County's jurisdiction."

¶ 7     After defendant presented his evidence, the State moved for a directed finding. The trial court granted the motion for a directed finding and denied defendant's petition. In doing so, the court described this case as the same as *People v. O'Connor*, 167 Ill. App. 3d 42 (1988), in which the arrest was made within the officer's jurisdiction.

¶ 8     Defendant filed a motion to reconsider. At the hearing on that motion, the prosecutor argued that the evidence established that defendant was "speeding in South Elgin, and he was arrested in South Elgin." The trial court commented, "[t]hat's what [it] heard." Further, in discussing another case, the court stated that the other case was "an extra territorial arrest [case]

*** which was not the case here, as [it] understood the testimony." The court then denied the motion to reconsider. Defendant timely appealed.

¶ 9                                    II. ANALYSIS

¶ 10    In reviewing a trial court's decision on a defendant's petition to rescind, we apply a two-part standard. *City of Highland Park v. Kane*, 2013 IL App (2d) 120788, ¶ 11 (citing *People v. Wear*, 229 Ill. 2d 545, 560-61 (2008)). First, we greatly defer to the court's factual findings and will reverse those findings only if they are against the manifest weight of the evidence. *Kane*, 2013 IL App (2d) 120788, ¶ 11. Factual findings are against the manifest weight of the evidence only if the opposite conclusion is clearly evident. *Kane*, 2013 IL App (2d) 120788, ¶ 11. Second, in reviewing the court's ultimate legal ruling, we are free to assess the facts in relation to the issues and draw our own conclusions when deciding what relief should be granted. *Kane*, 2013 IL App (2d) 120788, ¶ 11. Thus, the court's legal ruling as to whether rescission is warranted is reviewed *de novo*. *Kane*, 2013 IL App (2d) 120788, ¶ 11.

¶ 11    We first address defendant's contention that the trial court's finding that the arrest occurred in South Elgin was against the manifest weight of the evidence. The record shows that the court found that the arrest occurred in South Elgin. In its oral ruling on the petition, the court stated that this case was like the *O'Connor* case, in which the arrest occurred within the officer's jurisdiction. Further, when the State argued at the hearing on the motion to reconsider that the evidence established that the arrest took place in South Elgin, the court agreed. The court also distinguished this case from another case, which involved an extraterritorial arrest. Undoubtedly, the court found that the arrest took place in South Elgin.

¶ 12    However, that finding was against the manifest weight of the evidence. The unequivocal testimony of Officer Kmieciak established that the arrest occurred in "Kane County's

jurisdiction." Indeed, defendant's vehicle turned south onto Burr Road before it was stopped. That location was outside of South Elgin. See http://www.mapboundary.com/Illinois/Kane_County/South_Elgin.aspx (last visited Jan. 11, 2016).[1] Thus, the court's finding that the arrest occurred within South Elgin was against the manifest weight of the evidence.

¶ 13    Further, the finding was material. That is so because it led directly to the trial court's ruling that the officer had authority to make the arrest. See *People v. Mendoza*, 364 Ill. App. 3d 564, 572 (2006) (factual mistake leading directly to the court's legal conclusion is material), *rev'd on other grounds*, *People v. Cosby*, 231 Ill. 2d 262 (2008).

¶ 14    Nonetheless, even though the trial court's factual mistake was material, we need not reverse. *Mendoza*, 364 Ill. App. 3d at 572. That is because we may affirm on any basis supported by the record. *Mendoza*, 364 Ill. App. 3d at 572-73. We may do so regardless of whether the court's reasoning was correct. *Mendoza*, 364 Ill. App. 3d at 573. Thus, a court's mistake of material fact does not inevitably lead to its legal decision being reversed. *Mendoza*, 364 Ill. App. 3d at 573.

¶ 15    In this case, notwithstanding the trial court's factual error, we must decide whether the court correctly upheld defendant's extraterritorial arrest, which was based on evidence gathered via radar projected into South Elgin from outside of South Elgin. In answering that question, we turn to section 107-5(c) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/107-5(c) (West 2014)). That section provides, in pertinent part, that an arrest may be made anywhere within the state. 725 ILCS 5/107-5(c) (West 2014). Extraterritorial arrests have been ruled valid

---

[1] We can take judicial notice of a location as shown on an Internet-based map. See *People v. Clark*, 406 Ill. App. 3d 622, 632-33 (2010).

pursuant to section 107-5(c) where the arresting officer had probable cause to believe that the defendant had committed an offense within the officer's jurisdiction. See *People v. Carraher*, 199 Ill. App. 3d 965, 969-70 (1990); *People v. Aldridge*, 101 Ill. App. 3d 181, 186 (1981); *People v. Durham*, 71 Ill. App. 3d 725, 726-27 (1979). Therefore, if Officer Kmieciak had probable cause to believe that defendant was speeding within South Elgin, he was authorized under section 107-5(c) to arrest defendant outside of South Elgin.

¶ 16    Defendant does not dispute that Officer Kmieciak had probable cause to believe that defendant was speeding within South Elgin. However, he maintains that, because Officer Kmieciak was located outside of South Elgin when he acquired probable cause to arrest him for speeding, the extraterritorial arrest was invalid. We disagree.

¶ 17    We believe that the decision in *People v. Elliott*, 337 Ill. App. 3d 275 (2003), disposes of defendant's contention. In that case, a Marseilles police officer, who was located outside of Marseilles, monitored with radar the defendant's vehicle, which the defendant was driving within Marseilles. *Elliott*, 337 Ill. App. 3d at 277. The officer then stopped the defendant outside of the city and arrested him for DUI. *Elliott*, 337 Ill. App. 3d at 277. The appellate court, relying on *O'Connor*,[2] concluded that, although the officer was located outside of Marseilles, the radar was

---

[2] In *O'Connor*, as in our case, the officer was located outside of, but was projecting radar into, his municipal jurisdiction. *O'Connor*, 167 Ill. App. 3d at 43. Unlike in our case, however, the arrest occurred within the officer's municipal jurisdiction. *O'Connor*, 167 Ill. App. 3d at 43. Therefore, there was no extraterritorial arrest in that case. However, relevant to our case, the *O'Connor* court held that the use of radar from a location outside of a municipality to monitor the speed of a vehicle being driven within the municipality did not preclude the use of the evidence gathered via the radar as a basis to stop the driver. *O'Connor*, 167 Ill. App. 3d at 46-

being used within Marseilles. *Elliott*, 337 Ill. App. 3d at 279-80. Therefore, because the area that the officer was monitoring with radar was within the officer's jurisdiction, the court held that the use of the radar was not an impermissible assertion of police authority outside of the officer's jurisdiction. *Elliott*, 337 Ill. App. 3d at 280. Thus, the officer, who had probable cause to arrest the defendant for speeding within Marseilles, was justified in stopping the defendant outside of the city. *Elliott*, 337 Ill. App. 3d at 280.

¶ 18 The facts of our case are similar to those in *Elliott*. Officer Kmieciak was outside of South Elgin but was monitoring via radar defendant's speed within South Elgin. Based on the reasoning of *Elliott*, Officer Kmieciak's use of radar to monitor traffic within South Elgin, even from a location outside of South Elgin, was not an improper assertion of police authority outside of his jurisdiction. Therefore, he properly acquired the probable cause needed to arrest defendant for speeding, and the arrest of defendant outside of South Elgin was proper.

¶ 19 Defendant relies heavily on *People v. Lahr*, 147 Ill. 2d 379 (1992). That decision, however, is distinguishable from our case. In *Lahr*, a Sleepy Hollow police officer, who was positioned outside of the village, used a radar gun to monitor the speed of the defendant's vehicle while the defendant was driving outside of the village. *Lahr*, 147 Ill. 2d at 381. The officer arrested the defendant outside of the village. *Lahr*, 147 Ill. 2d at 381. Because the State did not argue that the arresting officer had official authority to arrest the defendant, the sole issue was whether the extraterritorial arrest was valid as a citizen's arrest under section 107-3 of the Code (Ill. Rev. Stat. 1989, ch. 38, ¶ 107-3). *Lahr*, 147 Ill. 2d at 383.

¶ 20 According to the supreme court, the use of radar is generally limited to police officers. *Lahr*, 147 Ill. 2d at 383. Therefore, the officer's use of radar was an assertion of official police

47.

authority. *Lahr*, 147 Ill. 2d at 383-84. Because the officer's use of radar constituted an assertion of police authority outside the bounds of the officer's jurisdiction, the court held that the officer did not make a citizen's arrest. *Lahr*, 147 Ill. 2d at 383-84.

¶ 21 Moreover, the supreme court distinguished those situations in which either the radar was used or the "point of the offense" occurred within the officer's jurisdiction. *Lahr*, 147 Ill. 2d at 385. More importantly, it distinguished *O'Connor*, in part because, even though the officer in *O'Connor* was outside of his jurisdiction when he operated the radar, the road under radar surveillance was within the officer's jurisdiction. *Lahr*, 147 Ill. 2d at 384-85.

¶ 22 In our case, the officer used the radar to monitor defendant's speed while defendant was driving within South Elgin. Therefore, unlike in *Lahr*, he was not asserting his police authority extraterritorially. Rather, by projecting the radar into South Elgin, Officer Kmieciak was merely using the radar to perform an official duty that he was authorized to perform within his jurisdiction. Accordingly, the *Lahr* case does not support defendant's position.

¶ 23 Defendant's reliance on *People v. Kirvelaitis*, 315 Ill. App. 3d 667 (2000), is equally unavailing, as in that case, when the Woodridge officer used his radar to monitor the defendant's speed, the defendant was outside of the village. *Kirvelaitis*, 315 Ill. App. 3d at 669. Nor does *People v. Kleutgen*, 359 Ill. App. 3d 275 (2005), support defendant, as in that case also the defendant was observed driving outside of the officer's jurisdiction. *Kleutgen*, 359 Ill. App. 3d at 276-77. Thus, in neither case did the court address the issue of the projection of radar by a municipal officer into his municipality from outside of the municipality.

¶ 24 For the foregoing reasons, the trial court properly ruled that the extraterritorial arrest of defendant was valid.

¶ 25                                  III. CONCLUSION

¶ 26 For the reasons stated, we affirm the judgment of the circuit court of Kane County denying defendant's petition to rescind his statutory summary suspension. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2014); see also *People v. Nicholls*, 71 Ill. 2d 166, 179 (1978).

¶ 27 Affirmed.