2019 IL App (3d) 160132

Opinion filed April 11, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois |
| Petitioner-Appellee, | ) ) | Appeal No. 3-16-0132 |
| v. | ) ) | Circuit No. 14-DT-258 |
| BOB WILLIAMS, | ) ) | Honorable Peter W. Church |
| Defendant-Appellant. | ) | Judge, Presiding |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Carter and McDade concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Bob Williams was arrested by officers with the Kewanee Police Department and charged with driving under the influence after he crashed his vehicle into a guardrail and left the accident scene. Following his conviction, he appealed, alleging the Kewanee police were without jurisdiction to arrest him. We affirm.

¶ 2                                    FACTS

¶ 3    On December 12, 2014, defendant Bob Williams was arrested by the Kewanee police after he was found walking down the road one-half mile from where he had crashed his vehicle

into the guardrail at Route 34 and Kentville Road. He was charged by complaint with driving under the influence (DUI) (625 ILCS 5/11-501(a)(4) (West 2014)); failure to provide immediate notice of an accident (625 ILCS 5/11-407 (West 2014)); leaving the scene of an accident with vehicle damage (625 ILCS 5/11-402 (West 2014)); failure to reduce speed to avoid an accident (625 ILCS 5/11-601(a) (West 2014)); and failure to wear a seat belt (625 ILCS 5/12-603 (West 2014)).

¶ 4        A jury trial took place. The parties stipulated that Williams was under the influence of alcohol when he was found walking down the shoulder of the road by the Kewanee police officers. Rebecca Barnett testified that she lived on Route 34 outside the Kewanee city limits. On December 12, 2014, she was in the driveway when she heard a loud banging noise and assumed there had been an accident. She investigated and discovered a vehicle had hit the guardrail on Route 34 and was sideways in the road. There was no one in the vehicle. She called 911 and talked to some passersby who had also stopped. She was unsure whether the accident site was within the Kewanee city limits but she did not believe it was.

¶ 5        Ronika Long testified that she was on Route 34 on December 12, 2014, and saw a vehicle sideways in the westbound lane crashed into the guardrail. She saw a person standing outside the vehicle next to the driver's door who looked like he was trying to get into the vehicle. The man then fled. She described him as a white male with a mustache, wearing a white T-shirt and jeans, and without a coat.

¶ 6        William Rivord testified. He was a lieutenant with the Kewanee Police Department who responded to the 911 call. He observed the vehicle's airbags were not deployed and the seat belts were in the upright retracted position, meaning they had not been worn. He spoke to witness Long and put out a dispatch with the driver's description. Andrew Kingdon, a Kewanee Police

2

Department patrol officer, testified. He responded to the dispatch regarding the accident, participated in the search of Williams's person and found a set of car keys on Williams. He later successfully used the keys on the crashed vehicle.

¶ 7    Nicholas Welgat, a sergeant with the Kewanee Police Department, testified. He was dispatched to respond to the accident and found Williams walking on the shoulder of the road one-half mile east of the crash site. Welgat noticed Williams smelled strongly of alcoholic beverage, and had glassy eyes, slurred speech, and trouble talking, standing and walking. Welgat searched Williams, discovering a pipe and pill key fob with burnt residue in them. Both items field-tested positive for the presumptive presence of cannabis. Welgat arrested Williams for DUI. On cross-examination, Welgat stated the accident scene was outside the city limits of Kewanee in unincorporated Henry County.

¶ 8    At the close of evidence, the defense orally moved to dismiss the charges on the basis that the Kewanee police lacked jurisdiction to arrest Williams outside of the Kewanee city limits. The trial court granted the motion on the charge of failure to report an accident, finding the accident occurred outside the city limits and notification was required to state or county law enforcement but not to Kewanee. The trial court denied the motion to dismiss regarding the other charges. The jury found Williams guilty of DUI, failure to wear a seatbelt and failure to reduce speed to avoid an accident. Although the parties indicate the jury also found Williams guilty of possession of cannabis and paraphernalia, the citations and jury verdicts for those charges are not in the record.

¶ 9    Williams filed posttrial motions to dismiss and for a new trial. In arguing his motion to dismiss, Williams submitted that the Kewanee police officers lacked the authority to make an extraterritorial arrest. The State argued that the police were not outside their jurisdiction and

3

presented an annexation agreement indicating the accident site was within Kewanee's city limits and a letter explaining that Rivord and Welgat were deputized as Henry County Sheriff's Department members and had countywide jurisdiction.

¶ 10    The trial court denied Williams's posttrial motions to dismiss and for a new trial. The court found the Kewanee officers had jurisdiction as they were "personally aware" an offense had been committed. The court further considered that Williams was required to remain at the scene and the officers became immediately aware on arriving that the driver did not remain, thus giving them authority to question and arrest Williams. The court did not reach either the annexation or deputization issues. The court sentenced Williams to a 12-month term of conditional discharge, 5 days in the county jail and fines. Williams appealed.

¶ 11                                    ANALYSIS

¶ 12    The issue on appeal is whether the trial court erred when it denied Williams's motion to dismiss because the Kewanee police lacked jurisdiction. He argues that the arresting Kewanee officer lacked jurisdiction to stop and arrest him because the accident and arrest occurred outside the city limits of Kewanee and the circumstances did not establish authority for an extraterritorial arrest.

¶ 13    An officer may arrest a person without a warrant when he has "reasonable grounds to believe that the person is committing or has committed an offense." 725 ILCS 5/107-2(1)(c) (West 2014); *People v. Jackson*, 2014 IL App (3d) 120239, ¶ 85. A police officer may make a stop and arrest outside his primary jurisdiction if (1) the initial offense occurred within the officer's proper jurisdiction and pursuit or investigation led outside the jurisdiction or (2) the officer becomes "personally aware" a person has immediately committed an offense. 725 ILCS 5/107-4(a-3)(1), (2) (West 2014); *People v. Reynolds*, 2016 IL App (4th) 150572, ¶ 27.

4

"Personally aware" means having firsthand knowledge or awareness. *People v. Contreras*, 2011 IL App (2d) 100930, ¶ 32. Whether the police had jurisdiction is an issue of statutory construction we review *de novo*. *People v. Bond*, 2016 IL App (1st) 152007, ¶ 16.

¶ 14    The trial court found two bases under which the Kewanee officers had jurisdiction to detain, question and arrest Williams. The first basis on which the trial court relied was the statutory authority to make an extraterritorial arrest granted an officer who "becomes personally aware" that a felony or misdemeanor had been immediately committed. 725 ILCS 5/107-4(a-3)(2) (West 2014). The second basis was the grant of authority to the officers based on Williams's violation of the Illinois Vehicle Code, where he failed to remain at the scene of an accident. 625 ILCS 5/11-402(a) (West 2014).

¶ 15    The trial court's finding that the officers' authority arose because they were "personally aware" of a crime immediately committed was contrary to the facts and the law. The Kewanee officers were not personally aware that Williams immediately committed any offense. Thus, they lacked the firsthand knowledge necessary to establish extraterritorial authority to arrest. The officers' awareness came via the witnesses and was not firsthand. The testimony of the witnesses, Barnett and Long, established that a vehicle was crashed into the guardrail and obstructing the roadway. Barnett did not see anyone in the vehicle. Long saw a white male outside the driver's door looking into the vehicle before he fled. Neither witness saw a man exit the vehicle as the trial court found. The Kewanee officers did not see Williams commit any offense nor did they witness Williams immediately commit the offense of leaving the scene. He was one-half mile down the road when found, negating any observation of Williams immediately committing an offense. Neither of the bases on which the trial court relied provided authority for Williams's arrest.

5

¶ 16     We may affirm the trial court's decision on any basis in the record. See *People v. Lee*, 2016 IL App (2d) 150359, ¶ 14 (reviewing court looks at the trial court's judgment, not its reasoning, and can affirm on any basis in the record). An annexation ordinance approved by the Kewanee City Council in November 1964 incorporating the site of the car accident was included as an exhibit to its response to Williams's motion to dismiss. Although the trial court expressly stated that it did not consider the State's annexation claim, the supporting documentation is dispositive of the jurisdictional issue. The annexation ordinance establishes the location of Williams's accident was within the Kewanee city limits. Accordingly, there was no extraterritorial arrest. We find that the Kewanee police officer who arrested Williams had jurisdiction to make the arrest. We note that the trial court previously dismissed the charge for failing to report an accident on the basis that Williams did not have to inform Kewanee law enforcement because the accident was outside the city limits. The State did not argue on appeal that the charge should be reinstated, and we decline to address it. The trial court did not err when it denied Williams's motion to dismiss. Accordingly, we affirm Williams's conviction.

¶ 17                                        CONCLUSION

¶ 18     For the foregoing reasons, the judgment of the circuit court of Henry County is affirmed.

¶ 19     Affirmed.