2019 IL App (3d) 160132

Opinion filed October 16, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois |
| Petitioner-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-16-0132 Circuit No. 14-DT-258 |
| BOB WILLIAMS, | ) ) ) | Honorable Peter W. Church |
| Defendant-Appellant. | ) | Judge, Presiding |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Carter and McDade concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Bob Williams was arrested by officers with the Kewanee Police Department and charged with various offenses including driving under the influence, after he crashed his vehicle into a guardrail and left the accident scene. Following his conviction, he appealed, alleging the Kewanee police were without jurisdiction to arrest him. We affirm.

¶ 2                                              FACTS

¶ 3    On December 12, 2014, defendant Bob Williams was arrested by the Kewanee police after he was found walking down the road one-half mile from where he had crashed his vehicle

into the guardrail at Route 34 and Kentville Road. He was charged by complaint with driving under the influence (DUI) (625 ILCS 5/11-501(a)(4) (West 2014)); failure to provide immediate notice of an accident (625 ILCS 5/11-407) (West 2014)); leaving the scene of an accident with vehicle damage (625 ILCS 5/11-402 (West 2014)); failure to reduce speed to avoid an accident (625 ILCS 5/11-601(a) (West 2014)); and failure to wear a seat belt (626 ILCS 5/12-603) (West 2014)).

¶ 4        A jury trial took place. The parties stipulated that Williams was under the influence of alcohol when he was found walking down the shoulder of the road by the Kewanee police officers. Rebecca Barnett testified that she lived on Route 34 outside the Kewanee city limits. On December 12, 2014, she was in the driveway when she heard a loud banging noise and assumed there had been an accident. She investigated and discovered a vehicle had hit the guardrail on Route 34 and was sideways in the road. There was no one in the vehicle. She called 911 and talked to some passersby who had also stopped. She was unsure whether the accident site was within the Kewanee city limits, but she did not believe it was.

¶ 5        Ronika Long testified that she was on Route 34 on December 12, 2014, and saw a vehicle sideways in the westbound lane crashed into the guardrail. She saw a person standing outside the vehicle next to the driver's door, who looked like he was trying to enter the vehicle. The man then fled. She described him as a white male with a mustache, wearing a white T-shirt and jeans and without a coat.

¶ 6        William Rivord testified. He was a lieutenant with the Kewanee Police Department who responded to the 911 call. He spoke to witness Long and put out a dispatch with the driver's description. Andrew Kingdon, a Kewanee Police Department patrol officer, testified. He responded to the dispatch regarding the accident, participated in the search of Williams's person,

2

and found a set of car keys on Williams. He later successfully used the keys on the crashed vehicle.

¶ 7        Nicholas Welgat, a sergeant with the Kewanee Police Department, testified. He was dispatched to the accident and found Williams walking on the shoulder of the road one-half mile east of the crash site. Welgat noticed Williams smelled strongly of an alcoholic beverage and had glassy eyes, slurred speech, and trouble talking, standing, and walking. Welgat searched Williams, discovering a pipe and pill key fob with burnt residue in them. Both items field-tested positive for the presumptive presence of cannabis. Welgat arrested Williams for DUI. On cross-examination, Welgat stated the accident scene was outside the city limits of Kewanee in unincorporated Henry County.

¶ 8        At the close of evidence, the defense orally moved to dismiss the charges on the basis that the Kewanee police lacked jurisdiction to arrest Williams outside of the Kewanee city limits. The trial court granted the motion on the charge of failure to report an accident, finding the accident occurred outside the city limits and notification was required to state or county law enforcement but not to Kewanee. The trial court denied the motion to dismiss regarding the other charges. The jury found Williams guilty of DUI, failure to wear a seatbelt, and failure to reduce speed to avoid an accident. Although the parties indicate the jury also found Williams guilty of possession of cannabis and paraphernalia, the citations and jury verdicts for those charges are not in the record.

¶ 9        Williams filed posttrial motions to dismiss and for a new trial. In arguing his motion to dismiss, Williams submitted that the Kewanee police officers lacked the authority to make an extraterritorial arrest. The State argued that the police were not outside their jurisdiction and presented an annexation agreement indicating the accident site was within Kewanee's city limits

3

and a letter explaining that Rivord and Welgat were deputized as Henry County Sheriff's Department members and had countywide jurisdiction.

¶ 10 The trial court denied Williams's posttrial motions to dismiss and for a new trial. The court found the Kewanee officers had jurisdiction, as they were "personally aware" an offense had been committed. The court further considered that Williams was required to remain at the scene and the officers became immediately aware on arriving that the driver did not remain, thus giving them authority to question and arrest Williams. The court did not reach either the annexation or deputization issues. The court sentenced Williams to a 12-month term of conditional discharge, 5 days in the county jail, and fines. Williams appealed. We affirmed his conviction, finding the annexation agreement established the arrest was not extraterritorial. *People v. Williams*, 2019 IL App (3d) 160132, ¶ 16. Williams petitioned for rehearing, which motion this court granted.

¶ 11 ANALYSIS

¶ 12 The issue on appeal is whether the trial court erred when it denied Williams's motion to dismiss because the Kewanee police lacked jurisdiction. He argues that the arresting Kewanee officer lacked jurisdiction to stop and arrest him because the accident and arrest occurred outside the city limits of Kewanee and the circumstances did not establish authority for an extraterritorial arrest. Williams further argues the annexation agreement did not establish the arrest was within the Kewanee city limits. He maintains that the charges against him should have been dismissed based on lack of jurisdiction to arrest.

¶ 13 In granting the motion for rehearing, we asked the parties to discuss whether the State needed a valid arrest in order to prosecute Williams. Both the State and Williams agree that the State may proceed with a prosecution even where the defendant has been brought before the

4

court on the basis of an invalid arrest. *People v. Atchison*, 2019 IL App (3d) 180183, ¶ 24 (" 'it is held that the power of a court to try a person for crime is not impaired by the fact that he has been brought within the court's jurisdiction by reason of a forcible abduction' ") (quoting *People v. Bliss*, 44 Ill. 2d 363, 369 (1970)). Even if we were to find the arrest invalid, the remedy available to Williams is not dismissal of the charges but rather suppression of the evidence that was obtained as a result of the invalid arrest. *Id.* ¶ 27. The trial court may only grant the motion to dismiss for one of the reasons enumerated in the statute, and even though dismissal is proper where the court lacks jurisdiction, the court's jurisdiction is not affected by the invalid arrest. See 725 ILCS 5/114-1(a)(6) (West 2018); *Atchison*, 2019 IL App (3d) 180183, ¶ 25.

¶ 14       In *Atchison*, this court considered whether a lack of probable cause to arrest required dismissal of the charges against the defendant. *Atchison*, 2019 IL App (3d) 180183, ¶ 23. We determined that the lack of a legal arrest was not a bar to a subsequent prosecution and did not necessitate dismissal of the charges. *Id.* ¶ 24. Rather, the trial court was limited in its authority to dismiss charges to the enumerated circumstances put forth in section 114-1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/114-1(a) (West 2018)). *Atchison*, 2019 IL App (3d) 180183, ¶ 13 (citing *People v. Schroeder*, 102 Ill. App. 3d 133, 135 (1981)). Lack of a valid arrest is not a qualifying circumstance under the statute, and we rejected the defendant's assertion that his improper arrest mandated dismissal of the charges. *Id.* ¶ 25. We determined that the proper remedy for an unlawful arrest was suppression of the evidence resulting from the illegal arrest, not dismissal of the charges. *Id.* ¶ 27.

¶ 15       Based on the reasoning we employed in *Atchison*, we find that the State's prosecution of Williams was not improper. Because *Atchison* makes it clear that dismissal of the charges is not the appropriate remedy, whether Williams's arrest was invalid does not prevent us from

5

affirming the trial court on other bases. See *People v. Lee*, 2016 IL App (2d) 150359, ¶ 14 (reviewing court can affirm on any basis in the record regardless of the trial court's reasoning). In his petition for rehearing, Williams argues that a reviewing court may reject the findings of a trial court only when they are against the manifest weight of the evidence. He distinguishes *Lee* and challenges our reliance on it. The *Lee* court discussed that a reviewing court may affirm on any basis in the record, "regardless of whether the court's reasoning was correct." *Id.* While one of the statutory exceptions applied to validate the arrest in *Lee*, as in that case, we consider that reversal is not required here because other evidence supports Williams's conviction. At trial, he stipulated that he was DUI when he was found walking down the road immediately following the accident. The evidence was sufficient to sustain the DUI conviction, despite the invalid arrest. Accordingly, we find the trial court did not err when it denied Williams's motion to dismiss, and we affirm Williams's conviction.

¶ 16                                 CONCLUSION

¶ 17        For the foregoing reasons, the judgment of the circuit court of Henry County is affirmed.

¶ 18        Affirmed.

**No. 3-16-0132**

| | |
|---|---|
| **Cite as:** | *People v. Williams*, 2019 IL App (3d) 160132 |
| **Decision Under Review:** | Appeal from the Circuit Court of Henry County, No. 14-DT-258; the Hon. Peter W. Church, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Peter A. Carusona, and Jay Wiegman, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Matthew Schutte, State's Attorney, of Cambridge (Patrick Delfino, David J. Robinson, and Stephanie L. Raymond, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |